ANDREW REID MYERS

*vs.*

STATE OF MARYLAND.

*Criminal Law—Evidence of Value—Motion in Arrest.*

While the market value of a particular article may be proved by the opinions of witnesses, based in part on hearsay, recourse may be had to any facts or circumstances which may aid the court or jury trying the issue, and which under the circumstances afford the best available evidence of such value.     p. 493

Where it does not appear that there is any "absolute standard" by which the market value may be determined with definiteness and certainty, proof of the cost of the chattel, in connection with its utility and usage, may be admitted as some evidence of its present value.                          p. 493

There being no standard by which the market value of a used automobile can be measured with definiteness and certainty, the price paid for it would be some evidence of its present value.                                            p. 494

The office manager of the agency which sold an automobile may properly testify as to the selling price.               p. 494

A motion which assigns, as the reasons for arresting the judgment, matters which can only be considered on a motion for a new trial, is addressed to the discretion of the lower court, and its action thereon is not the subject of review.            p. 495

*Decided January 12th, 1921.*

Appeal from the Criminal Court of Baltimore City (So-PER, C. J.).

The cause was argued, together with that next following, before BOYD, C. J., URNER, STOCKBRIDGE, ADKINS, and OF-FUTT, JJ.

*Issac Lobe Straus,* with whom was *J. Paul Schmidt* on the brief, for the appellant.

*Alexander Armstrong, Attorney General,* and *Lindsay C. Spencer, Assistant Attorney General,* with whom was *Robert F. Leach, Jr., State's Attorney for Baltimore City,* for the State.

OFFUTT, J., delivered the opinion of the court.

Andrew Reid Myers, the appellant, was arrested in Norfolk, Virginia, on January 27th, 1920, while in possession of an automobile owned by Mrs. Ray E. Delevia, which had been stolen from her while it was standing on Eutaw Street, in Baltimore, on January 19th, 1920. Upon his arrest, Myers told the Norfolk police that he lived in Baltimore and gave them his name, and they communicated this information, together with a description of the automobile, to the Police Department of Baltimore City, who requested that he be held for them. He and the automobile were then brought to Baltimore City, where he was indicted for the larceny of the automobile and for having and receiving it knowing it to have been stolen.

He was tried before a jury, which found him not guilty of the larceny, but guilty of the charge of unlawfully having and receiving the automobile knowing it to have been feloniously stolen and, upon that verdict, the judgment and sentence of the court was that he be confined in the Maryland Penitentiary for ten years, the sentence to run concurrently with like sentences in two other cases. From that judgment this appeal was taken.

The record contains three exceptions, two of which relate to rulings on evidence and one to the action of the Supreme Bench of Baltimore in overruling a motion to arrest the judgment.

Charles Ennis, the office manager of the agency from which the automobile was purchased in February, 1918, was asked to state the "purchase price of that car." The appellant

objected to the question, but the objection was overruled and the witness answered that its purchase price was $1,917.82.

Abe Delevia, who bought the car and gave it to his wife, was asked what he paid for it. This question was also objected to, but the court overruled the objection, and the witness replied that he paid $1,700 for it "after allowance was made." The rulings of the court in respect to these questions are the subject of the first and second exceptions.

Where the value of an article of personal property is in issue in a criminal case the inquiry should be confined to its market value, where it is of such a character that it can be said to have a definite market value. *Wharton, Cr. Ev.* (10th Ed.), par. 258. The term "market value," when applied to such an article, means its present cash or selling price in the open market. It is the price it would bring at a fair sale where one party wanted to sell and the other to buy. *Words & Phrases,* 2nd Series. What the market price of a particular article is, is "a conclusion which is largely made up of presumption, and may always be proved by the opinions of witnesses based of necessity in part on hearsay," but while it may be proved by the opinions of such witnesses, the proof need not be confined to them, but recourse may be had to any facts or circumstances which may aid the court or jury trying the issue in the inquiry before them, and which under the circumstances of the case afford the best available evidence of such value. And where it does not appear that there is any "absolute standard" by which the market value "may be determined with definiteness and certainty," it has been held, and we think properly, that proof of the cost of the chattel, in connection with its utility and usage, may be admitted as some evidence of its present value. 10 *R. C. L.* 956; *Burke* v. *Pierce,* 83 Fed. R. 95, 168 U. S. 711; *Wells-Fargo Exp. Co.* v. *Williams* (Tex. Civ. App.) 71 S. W. 314; *Utz* v. *Orient Ins. Co.,* 139 Mo. App. 552.

Applying these principles to the facts involved in the exceptions which we are considering, in our opinion, the evi-

dence was properly admitted. There is, of course, a market for and an immense trade in used automobiles. But the present market value of such a machine depends upon such an infinite variety and number of conditions and circumstances, such as the original cost, which not only relates to some extent to its intrinsic value but affects its present value, since the cost of new parts to replace those broken or worn will be greater in a higher priced car than in one of less value; also the length of time it has been in use, the manner in which it has been used, the care taken of it, its actual condition, and the difficulty of securing new parts. Obviously, there can be no standard by which the market value of such a car can be measured with definiteness and certainty, and under such circumstances the price paid for it would be some evidence of its present value. But even if the evidence were technically inadmissible, the appellant could not have been injured by it, since he himself testified he had given nine hundred dollars for the car, and its value was only material in that it affected the punishment which the court could impose under the larceny count of the indictment, of which charge appellant was acquitted.

The contention that the statement of Charles M. Ennis, who testified to the selling price of the car, was hearsay, is without foundation. He was the office manager of the agency which actually sold the machine, and was therefore in a position to know as a fact what its selling price was when Delevia bought it.

This brings us to the proposition submitted by the third exception.

The appellant, after the jury returned its verdict, filed a motion for a new trial, and subsequently on the same day a motion in arrest of judgment. Both were overruled, and to the court's action in overruling the motion in arrest of judgment this exception was taken. That motion was made the basis for an argument that there was no evidence in the case legally sufficient to warrant a conviction, and therefore this

Court should set the verdict aside. If the motion had any such effect, it could, at most, have amounted to a demurrer to the evidence, and as such could not have been granted if offered before the jury retired to consider their verdict, and *a fortiori* could not have been considered when filed after the jury had returned its verdict. But since it assigned as reasons for arresting the judgment reasons which could only be considered by the lower court upon a motion for a new trial, and as such a motion and such reasons were addressed to the discretion of the court which first heard them, its action in regard to them cannot be reviewed here. For these reasons and for the reasons assigned in *Myers v. State,* decided by this Court at this term (*ante,* p. 482), where the same point was under discussion, the motion in arrest of judgment was properly overruled.

Finding no error in the rulings of the lower court, the judgment appealed from will be affirmed.

*Judgment affirmed.*