# FRANK FISHER OF J.

*vs.*

## THE CITY DAIRY COMPANY ET AL.

*Measure of Damages—Injury to Personal Property.*

When personal property is damaged but not entirely destroyed, the measure of damages is the cost of repairing the property, together with the value of its use during the time that it would take to repair it.

*Decided January 13th, 1921.*

Appeal from the Superior Court of Baltimore City. (DOBLER, J.).

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*J. Kemp Bartlett, Jr.*, with whom were *Robert D. Bartlett* and *Bartlett, Poe & Claggett* on the brief, for the appellant.

*E. Allen Sauerwein, Jr.*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is a suit at law to recover damages for certain injuries to a Dodge touring car owned by the appellees, and alleged to have been caused by the negligence of the appellant, in operating a Peerless touring car, at the intersection of North Charles Street and Twenty-seventh Street, in the city of Baltimore.

At the trial of the case, in the Superior Court of Baltimore City, the plaintiffs' first, third, fourth, sixth, seventh and eighth prayers were granted, but their second and fifth were refused. All of the defendant's prayers were granted, except the first and second and these were rejected.

The only exception presented by the record is to the ruling of the court in granting the plaintiff's eighth prayer, and in refusing the defendant's first and second prayers, which were offered at the close of the plaintiffs' case, and re-offered at the close of the testimony of the entire case.

The plaintiffs recovered a verdict of $716, and from the judgment entered on the verdict, this appeal has been taken.

The rules of law controlling and applicable in the trial of negligence cases have been so often stated and applied by this Court in recent cases, that it would seem to be unnecessary to discuss them on this record.

The defendant's first and second prayers were demurrers to the evidence and, upon the state of proof disclosed by the record, could not properly have been granted by the court. These prayers asked the court to instruct the jury that, under the pleadings, there was no evidence legally sufficient to entitle the plaintiffs to recover and the verdict of the jury must be for the defendant.

The law of the case, it will be seen, was practically conceded at the trial by the granted prayers, presented on the part of the plaintiffs and defendant.

The negligence *vel non* of the defendant, and the contributory negligence of the plaintiffs, were clearly questions, properly for the consideration of a jury, upon the proof set out in the record, and the defendant's first and second prayers were, therefore, properly refused by the court.

The eighth prayer of the plaintiffs, however, upon the measure of damages, did not state the proper and correct rule in cases of this character and should not have been granted.

By this prayer the jury were told that the true measure of the plaintiffs' damage in this case is the difference between the value of the plaintiffs' automobile immediately preceding the accident complained of and its value immediately thereafter.

In the recent case of *Wash., B. & A. Rwy. Co.* v. *Fingles,* 135 Md. 574, this Court held that the measure of damages for injury to personal property, where the property has been damaged but not entirely destroyed, is the cost of repairing the property, together with the value of the use of the property during the time that it would take to repair it.

The same rule is recognized and announced by this Court in previous cases on the measure of damages. *Western Md. R. Co.* v. *Martin,* 110 Md. 554; *Consol. Gas* v. *Getty,* 96 Md. 683; *Piedmont Coal Co.* v. *Kearney,* 114 Md. 496; *Mullan* v. *Belbin,* 130 Md. 313.

In *Western Md. R. Co.* v. *Martin,* 110 Md. 564, it is said: "The record contains evidence tending to show injury to the plaintiff's household furniture for which the measure of damages for so much thereof, if any, as was entirely destroyed would be its value at the time of destruction, and for so much thereof as was merely damaged would be the cost of repairing it."

In the case at bar the testimony shows that the automobile was not destroyed by the collision, and the car was capable of repairs at a reasonable cost. The car was a Dodge touring car converted into a sedan by a winter top. The car was purchased in March, 1917, and had been driven between 5,000 and 6,000 miles. The car, completely equipped, cost when new $893.97.

Mr. Harper, secretary, assistant treasurer and manager of the Eastwick Motor Company, testified: "I was connected with that company in November and December, 1917. Our company is a distributor for the Dodge car. I have been examining damaged cars and estimating on visible damage for about ten years. I recall the Schier car that had an accident in November, 1917. I made a personal examination of that car and wrote a letter or a report to Mr. Schier."

"In the letter that we wrote in December, 1917, we told Mr. Schier that it would cost $466.07 to replace the visible damage; that is, an itemized bill, prices taken from Dodge

Brothers' price catalogue. In that letter we told Mr. Schier we would allow him $200 for the car, and we did. We allowed him $200, as the car was in a wrecked condition. It was a very fair allowance." The estimate of $466.07 included $90 for labor. He further testified that between March, 1917, and December, 1917, Dodge cars advanced in price, "but I do not know the exact date of the advance nor the amount of the advance. According to the receipted bill for the new car, the price of a Dodge car in December, 1917, was $885, with war tax and freight $970, but no claim is made because of that fact.

The jury, by its verdict, it will be seen, assessed the damages at $716, and with the additional sum of $200 allowed for the damaged car, the appellees will receive as compensation for their car a sum more than was expended in the purchase of the car eight months before when it was new, and before it had been driven between five and six thousand miles.

For the reasons stated there was reversible error in granting the appellees' eighth prayer upon the measure of damages, and for this error the judgment appealed from must be reversed, and the case remanded for a new trial.

*Judgment reversed, and a new trial awarded, the appellees to pay the costs.*