## CHARLES H. BAILEY *v.* LAWRENCE L. FORD.

*Personal Property — Evidence as to Value — Testimony by Owner—Instruction as to Damages—Harmless Error.*

Where an automobile is totally destroyed by a collision, the measure of damages is its value at the time of its destruction.

p. 666

Where an article cannot be said to have a definite market value, its cost, in connection with its utility and usage, may be admitted as some evidence of its present value.      p. 667

In an action on account of the total destruction of an automobile in a collision, plaintiff was properly permitted to state the price paid by him for the car, as bearing on its value.

pp. 666, 667

The owner of an automobile, destroyed in a collision, was properly allowed to testify as to its value both at the time he bought it and at the the time of the collision, his interest in the subject-matter, as affecting the credibility of the testimony, being a matter for the jury to consider.      pp. 667, 668

While the character of the use of the automobile, and the care taken of it, should ordinarily be shown in connection with such evidence of value, plaintiff's failure to do so was not, upon the facts of the case, ground for excluding his testimony.

pp. 668, 669

In an action for the total destruction of an automobile in a collision, error in instructing the jury that their verdict should be for its reasonable market value at the time of the collision, less such value as it had after the collision, *held* not prejudicial to the defendant.      p. 669

*Decided January 11th, 1927.*

Appeal from the Court of Common Pleas of Baltimore City (STUMP, J.).

Action by Lawrence L. Ford against Charles H. Bailey. From a judgment for plaintiff, defendant appeals. Affirmed.

The cause was submitted on briefs to BOND, C. J., PATTI-SON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*Gwynn Nelson,* for the appellant.

*George W. Cameron* and *Emil T. Mallek,* for the appellee.

PATTISON, J., delivered the opinion of the Court.

The appeal in this case is from a judgment recovered by the appellee, Lawrence L. Ford, against the appellant, Charles H. Bailey, for damages to the appellee's automobile, resulting from a collision with the automobile of the appellant.

In the trial of the case, five exceptions were taken to the rulings of the court, four of which relate to the evidence and one to the prayers.

The plaintiff testified that he was a machinist and had worked at his trade for eight years. As an apprentice he worked at the Poole Engineering & Machine Company, and while with that company, he, for a while, worked on automobile trucks. He, thereafter, worked at several other places, but at none of them did he work on automobiles, though, as stated by him, he was familiar with their mechanism. He testified that the collision with the defendant's car occurred on the 16th day of August, 1925; that his machine, a Maibon touring car, was purchased by him in March, 1924, and was at that time a second-hand car. He was then asked by his counsel, "After you bought the car what did you value it at"? This question was objected to, but the witness was permitted to answer it. In reply thereto he said, "After I bought the car, I valued it at $500." The ruling of the court permitting this question to be asked and answered constitutes the first exception. He was then asked, "At the time of the accident, what did you value the car at"? This question was also objected to, but the witness was permitted to answer it, saying "four hundred dollars." This ruling of the court forms the second exception.

After other witnesses had testified, the plaintiff was recalled and asked, "What did you pay for it," referring to the car? His reply was, "two hundred and fifty dollars." This question and answer was also objected to, but the objection was overruled and the admission of such evidence constitutes the third exception.

At the conclusion of the whole testimony, the defendant asked the court to strike out the evidence admitted under the first and second exceptions, which it seems was regarded as having been admitted subject to objection, though exceptions were taken to its admission when offered. This motion was overruled and the fourth exception was taken to this ruling of the court. It will thus be seen that the questions presented by the fourth exception are those presented by the first and second.

When the questions involved in these exceptions were asked, it was said by the counsel for the plaintiff that the damages sought to be recovered were for the total destruction of plaintiff's car, but upon examination of the declaration it was found that such was not the claim made therein, and the plaintiff was allowed to amend the declaration, so as to read "That as a result of said collision, the automobile of the plaintiff has been wrecked and destroyed."

If the automobile in this case was totally destroyed by the collision, the measure of damages was its value at the time of its destruction. *Fisher v. City Dairy Co.,* 137 Md. 603; *Western Maryland Railroad Co. v. Martin,* 110 Md. 564, and other cases; therefore, the question to be determined was the value of the car at the time it was said to have been destroyed.

The evidence of both the plaintiff and the defendant describes the injury to each of their cars, and the defendant in his testimony stated that, after the collision, the plaintiff's car was "a pile of junk," indicating that it had no value.

"Where the value of an article of personal property is in issue * * * the inquiry should be confined to its market value, where it is of such a character that it can be said to have a definite market value," but "where it does not appear that

there is any 'absolute standard' by which the market value 'may be determined with definiteness and certainty,' it has been held, and we think properly, that the proof of the cost of the chattels, in connection with its utility and usage, may be admitted as some evidence of its present value." *Myers v. State,* 137 Md. 493, and cases there cited.

In *Myers v. State, supra,* as in this case, the value of an automobile was the question to be determined, and Judge Offutt, speaking for this Court, said: "There is, of course, a market for and an immense trade in used automobiles. But the present market value of such a machine depends upon such an infinite variety and number of conditions and circumstances, such as the original cost, which not only relates to some extent to its intrinsic value, but affects its present value * * *; also the length of time it has been in use, the manner in which it has been used, the care taken of it, its actual condition, and the difficulty of securing new parts. Obviously, there can be no standard by which the market value of such a car can be measured with definiteness and certainty, and under such circumstances the price paid for it would be some evidence of its present value." It would thus seem, from this authority, that the court committed no error in permitting the plaintiff to state the price paid by him for the car at the time of its purchase.

The evidence admitted under the first and second exceptions, the defendant claims, was improperly admitted because, as claimed by him, the plaintiff not being an expert, and not being engaged in any business that would enable him to know the value of a used automobile, was not qualified to testify as to the value of the car.

In *Wigmore on Evidence,* vol. 1, sec. 716, under the caption "Personal Property Value," it is said: "Here the general test, that any one familiar with the values in question may testify, is liberally applied, and with few attempts to lay down detailed minor tests. The owner of an article, whether he is generally familiar with such values or not, ought certainly to be allowed to estimate its worth; the weight

of his testimony (which often would be trifling) may be left to the jury; and courts have usually made no objection to this policy"; and in 17 *Cyc.* 112, it is said: "In most instances an owner is deemed qualified by that relationship to testify to the value of common classes of property, although experience will enhance the weight of his estimate. * * * The owner of chattels is qualified by reason of that relationship to give his estimate of their value. Thus it has been held that he may state the value of his building materials, carriages, wagons, etc., horses, cattle or other domestic farm animals * * * although the knowledge is recently acquired.

In *Shea v. Hudson,* 165 Mass. 43, the question involved related to the admissibility of the testimony of the plaintiff, who was the owner, respecting the value of the horse and buggy before and after the accident. The court said: "Without undertaking to decide that in every case the fact of ownership qualifies the owner to testify to the value of or damage to property, we think that the evidence was rightfully admitted in the present case. * * * Ordinarily, the owner of a horse and buggy may be presumed to have such a familiarity with them as to know pretty nearly, if not actually, what they are worth, although he does not buy and sell horses or carriages."

As was said in the Massachusetts case from which we have just quoted, without undertaking to decide that in every case the fact of ownership qualifies the owner to testify to the value of property, we think the evidence of the plaintiff as to the value of the automobile, both at the time he bought it and its value given before the collision, was properly admitted in this case. But his interest in the subject-matter was a consideration with which the jury was to deal, as a deliberative fact, in determining how far they should believe his estimate. *Chamberlayne, Modern Evidence,* sections 21-48.

The evidence of the plaintiff as to the value of the car at the times mentioned might have been given greater weight if he had gone more fully into the character of its use, show-

ing it had been properly used and well cared for during the time of its use by him. In fact, we think, the character of its use and the care taken of it should ordinarily be shown, in connection with such evidence of value, but we do not, upon the facts of this case, regard the plaintiff's failure to do so as sufficient to exclude his evidence of value.

This brings us to the rulings of the court upon the prayers. The only prayer offered by the plaintiff is upon the question of damages. By it the jury were told that their verdict must be for the amount found by them to be the reasonable market value of the automobile at the time of the collision, less such value as they might find the automobile had after such collission, if any. This is not a proper prayer in a case where the accident or collision resulted in the total destruction of plaintiff's property. In such case we have said that the plaintiff is entitled to recover the value of his car at the time of and immediately before the collision occurs. But though this prayer is not in conformity with the law in such cases, we do not think the defendant was injured thereby, for, by it, the value of the car at the time of the collision was to be lessened by its value thereafter, if at such time it had any value. Consequently the effect of the prayer was not to increase the amount of the verdict; if it had any effect it was to reduce it.

The defendant offered eight prayers; all were granted except the first, seventh and eighth. His first prayer was a demurrer to the evidence asking that the case be withdrawn from the jury for want of evidence legally sufficient to entitle the plaintiff to recover. Without stating the evidence in the case, the court, we think, committed no error in its refusal of this prayer.

The defendant's seventh prayer, which was refused, was a damage prayer. Here the instruction asked for is practically the same as that embraced in the plaintiff's prayer. It was not only an improper prayer upon the facts of the case, but the defendant was not in anywise injured by its refusal.

The eighth prayer of the defendant, which was likewise refused, presents the same questions that are presented by the special exceptions to the plaintiff's prayer, which, we think, were properly overruled; consequently we find no error in the court's ruling upon defendant's eighth prayer; and as we find no reversible error in any of the court's rulings, the judgment appealed from will be affirmed.

*Judgment affirmed, with costs.*