HARRY J. TEETS, PLAINTIFF-APPELLANT, v. PERCY E. HAHN, DEFENDANT-RESPONDENT.

Argued May 4, 1927—Decided May 20, 1927.

Negligence—Motor Vehicle Collision—Value of Wrecked Car— Where Plaintiff Fails to Prove Value of Car a Direction of Verdict of Nominal Damages Will be Affirmed—Proof of Value Failed in This Case at Critical Point.

On appeal from the District Court.

Before Justices PARKER and CAMPBELL.

For the appellant, *Earl A. Merrill*.

For the respondent, *William K. Flanagan*.

PER CURIAM.

Plaintiff's daughter was injured while driving plaintiff's motor car, by collision with a truck of the defendant. The suit was for loss of services of the daughter (an infant), expenses of her treatment and cure, and damages to the motor car. For this last item the jury awarded six cents under direction of the court, and this is the sole point raised on this appeal.

We consider that the trial judge ruled correctly, and for the reason that the proof of damages failed on a fundamental point. It appeared that the motor car after the accident was a worthless heap of junk, not susceptible of repair. Hence,

the measure of damages was the fair value of that car before the collision. There was no evidence from which the jury could legally assess that value. The evidence the plaintiff indicated that the car was a 1922 model, costing, when new, $1,590 on the installment plan, or about $1,100 cash. It was approximately five years old when destroyed, was in first-class condition, though it looked rough and needed painting. This was all the testimony on value; it was competent, but only partial. Plaintiff's counsel very properly tried to show by the testimony of the plaintiff himself, and that of a garage keeper what the value was before the collision. The questions were excluded, neither witness appearing to be qualified to give an opinion on value, and it is not claimed that this exclusion is erroneous. Some photographs of the wrecked car were introduced, but they did not help matters.

The argument seems to be, and necessarily must be, that given a car five years old, in good order but needing paint and costing when new $1,100 cash, the jury are entitled to guess at its fair value (for it is no more than a guess) and award a verdict against the defendant for any sum they see fit, between the limits of zero and $1,100. To this we cannot give our assent; undeniably, the price when new, and age, and condition are elements to consider in fixing value, but they are not enough in themselves. Our leading cases go no farther than to say that they are elements for consideration. *Luse* v. *Jones, 39 N. J. L.* 707. See *State* v. *Duelks, 97 Id.* 43, 47; *Lebkuecker* v. *Pennsylvania Railroad Co., Id.* 116.

In *Luse* v. *Jones, supra* (at *p.* 709), the court said: "A sale [when new] was evidence of the market value of the thing when new, and the value of such goods, when worn, can scarcely be ascertained except by reference to the former price and the *extent of depreciation.*"

The proof failed, therefore, at the critical point, viz., the fair value of the car when wrecked; and in that event a direction of a nominal verdict was proper.

The judgment will be affirmed.