## FREDA MITCHELL ᴇᴛ ᴀʟ. *v.* ANNA H. STEPHENSON.

[No. 9, October Term, 1930.]

*Decided November 14th, 1930.*

576

The cause was argued before BOND, C. J., URNER, ADKINS,. OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Daniel C. Joseph* and *Abram C. Joseph,* submitting on. brief, for the appellants.

*Daniel S. Sullivan,* for the appellee.

ADKINS, J., delivered the opinion of the Court.

This is a suit in trover for the conversion of a fur coat.. The plaintiff testified that she bought the coat from the de-- fendant on February 3rd, 1928, for $225; that she wore it about two dozen times and put it in a bag so nothing could. reach it; that it was an unusually large coat, a forty-two in. size; that she carried it back to the defendant to be taken. care of during the summer; that she was told the lining needed cleaning and also oiling was suggested, which she or- dered to be done at a cost of twenty dollars, including storage; that, when she went to get the coat on December 1st follow-- ing, a coat was delivered to her which was not hers; that she protested it was not her coat, but the clerk insisted it was,. and, as she was in a hurry to keep a theatre engagement with her husband, she went out with it, and while in the theatre she felt the bare skin and at once went back to the store and saw Mr. Mitchell, one of the defendants, and told him it was not her coat, but he insisted that it was; that she went back again on the 3rd and the 11th and demanded her coat, and offered the coat back, and told him she was tired of carrying the coat back, but it was refused; that the difference between the coats was in the quality and size, the one substituted for hers being a thirty-six; that the original price of the coat she bought was $350, but she bought it at the reduced price.

Three other witnesses for the plaintiff testified that they saw plaintiff wearing a coat soon after she said she brought it home, and the one shown at the trial was not the one they had seen. Defendant's testimony was in conflict with this, and tended to show that the coat delivered to plaintiff

on December 1st was the same coat she bought the previous February.

The jury found a verdict for the plaintiff for $200. This appeal is from a judgment on that verdict.

There were four exceptions reserved to rulings on testimony, and one to the ruling on the prayers and special exception.

The three witnesses referred to said that, during the winter in which a coat was purchased by plaintiff from the defendant, they saw the plaintiff with a coat, of which they gave a detailed description, which corresponded with the description given by the plaintiff, at the trial, of the coat she claimed she had bought and returned for storage—two of them that they saw the coat a number of times.

The four exceptions on testimony were to permitting these three witnesses to testify that the coat returned to plaintiff was not the coat they had previously seen, and the ground of these exceptions is the same, viz: that none of the witnesses were in a position to know that the coat they had seen was the one plaintiff had purchased from the defendant. It is argued that the coat they saw might have been a borrowed coat or one sent by some dealer, other than defendants, on approval; or another coat belonging to plaintiff.

This argument would be cogent if we were considering the weight of the testimony. But that was for the jury. The testimony was relevant, just as would have been testimony by witnesses for defendant, if offered, that plaintiff had been seen during the season in question wearing a coat like the one alleged by plaintiff to have been substituted for her coat. The testimony of the plaintiff, if believed, is conclusive of all the essential facts required to be proved by her. The testimony of the three witnesses is corroborative to the extent that the plaintiff was in possession of a coat like the one she claimed to have bought during the period of alleged ownership. That by itself such testimony would not have been sufficient to sustain plaintiff's claim did not destroy its quality of relevancy.

The exception to the ruling on the prayers appears to be based on the refusal of defendant's demurrer prayer and on the granting of plaintiff's measure of damage prayer, and one ground of the exception to the ruling on both prayers is that the question of evidence of value at the time of conversion was not legally sufficient to justify a verdict for the plaintiff. There was a special exception to the damage prayer, which was overruled. It is contended that the price paid for the coat, while admissible in connection with other testimony, is not alone sufficient. Several cases are cited in support of this position, but the conclusion there reached depended upon the character of property and the circumstances of those cases, which were not the same as here. As affecting the weight of the testimony it would have been more satisfactory if the value of a new coat of the same kind at the date of the conversion had been proved. But we are unable to hold that proof of the price paid a few months before the coat was returned to the seller for storage, together with a description of the coat and of the amount of use and depreciation, was not enough to carry the case to the jury on the question of value. Besides, when the coat was left for storage on May 1st, a valuation of $225 was noted on the receipt card. *Bailey v. Ford,* 151 Md. 664.

It is also objected to the measure of damage prayer that "reasonable" value is given as the measure, instead of "market" or "actual" value. The prayer was as follows: "The jury are instructed that if they shall find their verdict for the plaintiff, the measure of damages is the reasonable value of the plaintiff's Marmot fur coat mentioned in the testimony at the time demand was made for the return thereof, if they find that demand was made with interest from the date of said demand." Market value would have no application in a case of this kind. *Meyers v. State,* 137 Md. 491; *Bailey v. Ford, supra.*

In *Heinekamp & Son v. Beaty,* 74 Md. 393, there was a reversal because the trial court refused a prayer for an instruction that, if the jury should find for the plaintiff, the

measure of damages should be the value of the property at the time of the alleged conversion, with interest from that time up to the time of the verdict. See also 1 *Poe, Pl. & Pr.,* sec. 219. In our opinion the addition of the word "reasonable" does not materially change the meaning of the prayer. It suggests the fair value under all the circumstances.

Finding no reversible error, the judgment will be affirmed.

*Judgment affirmed, with costs to appellee.*