Ira I. SAWYER, Appellant,

v.

MONARCH CAB COMPANY, Inc., Appellee.

No. 2590.

Municipal Court of Appeals for the
District of Columbia.

Argued July 25, 1960.

Decided Oct. 21, 1960.

John F. Gionfriddo, Washington, D. C.,
with whom Charles C. Collins and Robert
E. Anderson, Washington, D. C., were on
the brief, for appellant.

George J. Charles, Washington, D. C.,
with whom Jules H. Sigal, Washington, D.
C., was on the brief, for appellee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This case arose out of a collision
between appellant's automobile and ap-
pellee's taxicab at an uncontrolled intersec-
tion. The trial court found that the colli-
sion was caused by appellant's negligence

and awarded appellee damages in the amount of $1,666.46. On this appeal appellant first contends that the court erred in not finding the driver of appellee's vehicle negligent. As we have stated time and again, questions of negligence and contributory negligence generally fall within the province of the trier of fact and its determinations will not be disturbed unless plainly contrary to the weight of the evidence.[1] After carefully reviewing the transcript of proceedings, we are convinced that there was ample evidence to support the decision with respect to fault.

■ We consider that the paramount issue here concerns the proof and the computation of damages. This court has ruled that where an automobile is practically destroyed or so extensively damaged as to be beyond repair, the measure of liability therefor is the difference between the fair market value immediately before the loss less its salvage value immediately afterwards.[2] Appellant does not quarrel with the rule but argues that appellee did not establish by competent testimony that he was entitled to recover thereunder. Appellant challenges the admissibility of certain testimony by a Mr. Rubin, appellee's office manager and bookkeeper, on the basis that the witness was not qualified to voice an opinion as to the condition of the taxicab after the collision or to state his estimate of its value. Moreover, appellant urges that the trial court failed to correctly apply the aforementioned measure of damages since, in ascertaining the reasonable market value of the vehicle just prior to the collision, no allowance was made for depreciation from the date of purchase.

■■ It is plainly evident from the record that the trial court regarded Mr. Rubin as an expert witness and so accepted his testimony that the taxicab was a total wreck and that its salvageable parts were worth $315. On examination he declared that he had acted as appellee's office manager for seven years and that his duties entailed the maintenance of the company's ten cabs, as well as caring for the office. He stated specifically that he had experience in purchasing automobile parts, that he was familiar with the cost of such parts, that he had in the past made estimates of automobile repairs, and he professed the ability to appraise the value of damaged automobiles. We cannot say therefore that the trial court abused its discretion in ruling that the witness was qualified to express his opinions on this subject. Appellant counters with the accusation that the figure of $315 actually constituted the estimate of two professional appraisers that Rubin had admittedly consulted and for that reason was inadmissible. There is no evidence which would justify the conclusion that Rubin adopted or relied on these outside estimates in computing the value of the wrecked cab and we do not feel that the mere fact of consultation would discredit his opinion.

Regarding the reasonable market value of the cab prior to the collision, the following information was elicited from the testimony of Rubin. He stated that the vehicle, a 1959 four-door Studebaker, was purchased on January 29, 1959, for the sum of $1,931.46. The invoice confirming the purchase price was introduced into evidence, as well as two additional bills totaling $50 for work done in preparing the automobile for the road. The automobile was parked on a lot and remained "in inventory" until May 27, when it was put into service. Ten days later on June 7, after having been driven about 500 miles, the car was involved in the collision here in question.

■ The facts just recited furnished the trial court with sufficient evidence to calculate the reasonable market price of the taxicab immediately prior to the collision. The court had before it the purchase price of the vehicle, the distance it had traveled, the

1. E.g., Custom Taxicabs v. Hatch, D.C. Mun.App.1955, 110 A.2d 690.

2. Royer v. Deihl, D.C.Mun.App.1947, 55 A.2d 722.

length of time it was in actual operation, the period between its purchase and the date of the collision, and the manner of its use. Yet the trial court ignored these pertinent factors and accepted only the purchase price as equivalent to the reasonable market price before the collision. This failure to take into account and to deduct the value of depreciation was error [3] and requires that the case be remanded for the sole purpose of determining the proper measure of damages. Appellee protests in his brief that appellant has no cause to complain because the sale price was a discount and lower than the true depreciated value at the time of the collision. While this may be true, there is no indication from the record that the purchase price represented anything other than the prevailing retail price at the time of sale. However, appellee will now have a full opportunity to make this showing.

Reversed and remanded with instructions to grant a new trial limited to damages only.

3. See Bailey v. Ford, 1927, 151 Md. 664, 135 A. 835; Teets v. Hahn, 1927, 137 A. 559, 5 N.J.Misc. 538.