# TAYLOR *v.* KING

[No. 7, September Term, 1965.]

*Decided December 21, 1965.*

The cause was argued before PRESCOTT, C. J., and HAMMOND, HORNEY, OPPENHEIMER and MCWILLIAMS, JJ.

*Hugh A. McMullen* and *William H. Geppert,* with whom were *Gunter & Geppert* on the brief, for the appellant.

*Fred H. Anderson,* with whom were *Anderson, Mullen & Bowen* on the brief, for the appellee.

HORNEY, J., delivered the opinion of the Court.

This appeal, arising out of a suit for damages resulting from a collision of motor vehicles, presents a question as to which method should be used in computing the amount of damages for injury to an automobile which was not completely destroyed.

The automobile operated by a son of William R. King (the appellee) was struck in the rear and extensively damaged by a motor vehicle operated by George N. Taylor (the appellant). Since no defense was made by the appellant as to his liability, the only question before the lower court was the amount of damages to be awarded the appellee for the injury to his automobile.

It appears from the record that the appellee had purchased a new automobile about two months prior to the accident for $3192.49 and that at the time of the accident it was worth $3127.43. The only estimate obtained as to the cost of repairing the automobile totaled $1118.21, but the appellee decided not to repair the automobile and sold it for salvage for $975 which was the highest of several offers he received. The lower court entered a judgment of $2182.43—the difference between the value of the automobile prior to the accident and its value after the accident established by deducting the salvage price from the depreciated value and adding the towing charge of $30.

The main contention of the appellant is that the lower court erred in awarding damages in that the award should only have been $1148.21—the estimated cost of repairs plus the towing charge. The appellant asserts that "where a motor vehicle is damaged but can be *fully* repaired for less than the market value of the automobile after it is repaired, then the true measure of

damages is the cost of repairing the motor vehicle." The appellee contends that "the basic rule for the measure of damages for partial destruction of or injury to [an automobile] is the difference in value of the [automobile] immediately before and after the injury but an alternative measure is reasonable cost of repairs necessary to *restore it to its former condition."*

Although the parties have stated different rules, the point of disagreement between them, on the question of the measure of damages, is not which rule should be applied but rather the issue is whether the automobile of the appellee could reasonably have been restored, by repairing it, to substantially the same condition that it was in before the accident. The measure of damages advanced by the parties is said to be the difference between the market value of the automobile immediately before the injury and its market value immediately after the injury if the automobile cannot be "fully repaired," as the appellant phrased it, or "restored to its former condition," as the appellee expressed it.

On the question as to whether the damaged automobile could reasonably have been restored by repairs to substantially the same condition that it was in before the accident, there are insufficient facts to make a determination. The only evidence in the record which is even close to being relevant to the issue is the testimony of the appellee who, in reply to a question as to why he did not have the automobile repaired, stated that "in the case where a frame and body structure have to be straightened to the extent that this car would have to be straightened [he] felt that by straightening those members the car would have been weakened more and would not have been put in a safe acceptable condition for future use." Although it appears that the appellee was possibly qualified to testify as an expert witness, in view of the fact that he had been for many years the supervisor of maintenance, repairs and purchasing for the trucking division of a trucking company and had had responsibilities in respect to repairing and maintenance of the company vehicles, his testimony was not sufficient positive evidence of whether the automobile could or could not be restored by being repaired to substantially the same condition that it was in before the accident, at reasonable costs. Evidence should have been presented

as to how extensively the frame and body were damaged and whether these conditions could or could not have been corrected. Since we cannot make a determination of the question of fact, we shall, pursuant to Maryland Rule 871 a, remand the case without affirmance or reversal for the taking of additional evidence limited to the question of whether the automobile could have been substantially restored at reasonable cost by repairing the injury sustained as a result of the collision.

Although this might be a sufficient disposition of the case under ordinary circumstances, we think that the parties, having asserted conflicting rules of law, are entitled to a concise statement of the law when there is a question as to which method should be used in computing the amount of damages for injury to an automobile which was not completely destroyed. See Rule 885.

In *Western Maryland R. R. v. Martin*, 110 Md. 554, 73 Atl. 267 (1909), where injury had been done to household furniture by water which the defendant negligently caused to overflow on to the property of the plaintiff, this Court promulgated the rule that the measure of damages would be the cost of repairing the furniture if it was merely damaged and would be its value at the time of its destruction if it was entirely destroyed.

In the subsequent case of *W. B. & A. Ry. v. Fingles*, 135 Md. 574, 109 Atl. 431 (1920), an action brought for damage to an automobile, the Court, in considering a question as to the measure of damages for the injury, said at p. 579 (citing Corpus Juris) that "the measure of damages for injury to personal property, which has not been entirely destroyed, * * * is the cost of repairing the property together with the value of the use of the property during the time it would take to repair it."

In *Fisher v. City Dairy Co.*, 137 Md. 601, 113 Atl. 95 (1921), where suit was also brought to recover damages for injury to an automobile, the Court reiterated the rule stated in the *Fingles* case, as the applicable law, and specifically rejected an instruction which informed the jury "that the true measure of plaintiffs' damages in this case," where, as the Court pointed out, the automobile was not destroyed by the collision, and the car was capable of being repaired, at a reasonable cost, was "the

difference between the value of the plaintiffs' automobile immediately preceding the accident complained of and its value immediately thereafter."

And in *Mullan v. Hacker*, 187 Md. 261, 49 A. 2d 640 (1946), where the action concerned the recovery of damages to an automobile garage as a result of an excavation on adjoining property, it was said that the measure of damages was the cost of repairing the garage if it could be restored to the condition it was in before the injury without cost disproportionate to the injury and that when the cost of restoration is greater than the diminution in market value, the measure of damages is the difference between the value of the property before and after its injury. The rule is as applicable to personal property as it is to real property. See *Superior Construction Co. v. Elmo*, 204 Md. 1, 102 A. 2d 739 (1954).

Until now, we have not had to consider a case in which there was a possibility that the injured automobile could not be restored to its prior condition.

The various statements in *Martin, Fingles, Fisher* and *Mullan* make it clear that the rule in Maryland [1] with respect to the measure of damages for injury to a motor vehicle, which has not been entirely destroyed, is the reasonable cost of the

---

1. The courts are far from being in accord as to what the rule in this area ought to be. There are several rules and numerous variations of some of them. To discuss them at length and compare the difference between them would require a footnote considerably longer than this opinion which in the end would probably serve no useful purpose. Most of the cases decided prior to 1956 are referred to in the footnotes (70 through 89) to an article on the subject by James Fleming, Jr., entitled DAMAGES IN ACCIDENT CASES, published in 41 Cornell Law Quarterly, at p. 593. Other cases not referred to in the article or decided since publication, include Wright v. Capital Transit Co., 35 A. 2d 183 (D. C. Mun. Ct. Appls. 1943); Hemminger v. Scott, 111 A. 2d 619 (D. C. Mun. Ct. Appls. 1955); Knox v. Akowskey, 116 A. 2d 406 (D. C. Mun. Ct. Appls. 1955); Teitsworth v. Kempski, 127 A. 2d 237 (Del. 1956); The Nyland, 164 F. Supp. 741 (D. C. Md. 1958); Falter v. City of Toledo, 158 N. E. 2d 893 (Ohio 1959); Alber v. Wise, 166 A. 2d 141 (Del. 1960); Sanft v. Haisfield, 178 A. 2d 791 (Pa. Super. 1962); and Brewer v. Drain, 192 A. 2d 532 (D. C. Ct. of Appls. 1963).

repairs necessary to restore it to substantially the same condition that it was in before the injury, provided the cost of repairs is less than the diminution in market value due to the injury. And when the cost of restoring a motor vehicle to substantially the same condition is greater than the diminution in market value, the measure of damages is the difference between its market value immediately before and immediately after the injury. In addition, the measure of damages may include a reasonable allowance for loss of use of the vehicle.

> *Remanded without affirmance or reversal for the taking of additional evidence and a redetermination of the amount of damages in conformity with this opinion; the costs to abide the outcome.*