FRED FREDERICK MOTORS, INC. *v.* WILLIAM
E. KRAUSE t/a K & K Trucking Company

[No. 363, September Term, 1970.]

*Decided May 24, 1971.*

The cause was submitted on briefs to ORTH, THOMPSON and MOYLAN, JJ.

Submitted by *Gerald Kunes* for appellant.

Submitted by *Kevin J. McCarthy* and *Sasscer, Clagett, Channing & Bucher* for appellee.

THOMPSON, J., delivered the opinion of the Court.

In this appeal, the questions concern the proper determination of damages for accidental injury to a motor vehicle.

The general rule on tort damages, including motor vehicle torts, is easily stated: the damages should compensate the injured person for the wrong which has been done him. *Weishaar v. Canestrale,* 241 Md. 676, 217 A. 2d 525, citing with approval *Guido v. Hudson Transit Lines,* 178 F. 2d 740 (3d Cir., 1950). As to damage to motor vehicles, the Court of Appeals has formulated a rule in *Taylor v. King,* 241 Md. 50, 213 A. 2d 504, wherein the Court reviewed earlier Maryland cases before stating at 507:

> ". . . the rule in Maryland with respect to the measure of damages for injury to a motor vehicle, which has not been entirely destroyed, is the reasonable cost of the repairs necessary to restore it to substantially the same condition that it was in before the injury, provided the cost of repairs is less than the diminution in market value due to the injury. And when the cost of restoring a motor vehicle to substantially the same condition is greater than the diminution in market value, the measure of damages is the difference between its market value immediately before and immediately after the injury. In addition, the measure of damages may include a reasonable allowance for loss of use of the vehicle."

It must be noted that the Court in *Taylor v. King, supra,* indicated in its opinion it was making no attempt to formulate an all-inclusive rule for measuring damages

to motor vehicles. Also, while *Taylor* requires that the repairs "restore it [the motor vehicle] to substantially the same condition that it was in before the injury," there is neither definition nor description of that condition. Two different definitions are possible. First, the condition before the injury could refer only to the physical appearance and mechanical function of the vehicle, meaning if the vehicle, after repairs, looks and operates substantially the same as it did before the injury, then the injured party has been adequately compensated. Second, the condition before the injury could refer to the market value of the vehicle. Under this second definition, if the vehicle looked and operated substantially the same after the accident but its market value had been diminished by the fact of being in an accident, then to be adequately compensated, the injured party must receive, in addition to the cost of repairs, the diminution in market value stemming from the injury. Of course, the two together cannot exceed the diminution in value prior to the repairs.

The increased internal consistency that would result in the *Taylor* rule by the use of the second definition supports its adoption. Inherent in that rule, a recovery of the full market value is allowed if the vehicle is completely destroyed. Although the measure is different, the position to which the injured party should be restored is the same, i.e., complete compensation for the injury. If the vehicle is completely destroyed, the plaintiff receives the market value. To be consistent, the plaintiff should be put in the same position when his injured vehicle is repairable; he should have a vehicle of the same market value. If the repaired vehicle does not have the same market value, the plaintiff should receive additional damages. To do otherwise would put the plaintiff in a different position depending on whether the vehicle was partially or completely destroyed. If the vehicle were partially destroyed, plaintiff would receive a repaired vehicle that looked and operated the same but was worth less. If the car were completely destroyed, plaintiff would

receive the market value. This disparity is removed by putting the plaintiff in the same position whether the car is completely or partially destroyed. To do otherwise would violate the basic principle that the injured party should, insofar as possible, be restored to his original position before the accident.

A review of the authorities also indicates that the second definition describes the condition to which the damaged motor vehicle must be returned.

In *Taylor v. King, supra,* the Court of Appeals cited an article by Fleming James, Jr., "Damages in Accident Cases", 41 Cornell Law Quarterly 593 wherein James discusses the exact rule adopted in *Taylor* and concludes the rule is:

> ". . . subject to correction either way if the value of the repaired article is greater or less than the value before the injury. . . ." 41 Cornell Law Quarterly at 594.

Other authorities have concluded that the *Taylor* measure of damages must be based on restoring to the plaintiff a vehicle with the same market value including additional compensation if the proof indicates that the repairs alone do not restore the vehicle to its pre-accident market value. 26 Md.L.Rev. 284.

Most authorities, when faced with this problem, have concluded that the injured party may recover not only the cost of repairs but also may recover any diminution of the chattel's market value which results from the chattel having been injured. McCormick, *Law of Damages* (1935 Edition) § 124 states the rule as follows:

> "(b) But if the damaged property is reasonably susceptible of repair, the owner may recover the reasonable cost of repair, plus the difference between the value of the property before the injury and after the repair, unless the value is enhanced, in which event the increase in value would be deducted from the cost of repair."

Blashfield *Automobile Law and Practice* (Third Edition) § 480.11 states the rule as follows:

> "In addition to the cost of repairs and loss of use of a motor vehicle damaged in an accident, the loss of sale value arising from the mere fact of the injury is an element of damage to be considered, where the vehicle cannot be made entirely good by repairs. If the damaged vehicle has been fully repaired, no recovery for depreciation is allowed."

To the same effect, see Restatement, Torts, § 928.

Cases supporting the rule expressed by the aforegoing textwriters are collected in 169 A.L.R. 1085 as to commercial vehicles and 169 A.L.R. 1112 as to pleasure vehicles. Also 22 Am.Jur.2d *Damages,* § 149 particularly 1970 Supplement citing *Halferty v. Hawkeye Dodge Inc.* where the Supreme Court of Iowa stated at 158 N.W.2d 750, 754:

> "And if the value of the repaired or restored property is less than the value of the property before the injury, such difference in value is also allowed, in addition to the reasonable cost of repair or restoration."

For other illustrative cases see *Larson v. Long,* 219 P. 1066, (Colo. S. Ct., 1923); *Welter v. Schell,* 252 Ill. App. 586 (1929); *Kinchen v. Hansbrough,* 231 So. 2d 700 (La. Ct. App., 1970); and *Madden v. Nippon Auto Co.,* 206 P. 569 (Wash. S. Ct., 1922). Of course, in jurisdictions where the plaintiff has the option of recovering either a difference in value of the vehicle immediately before and immediately after the accident or in the alternative the cost of repairs, he does not need the benefit of the subsidiary rule which we here adopt to cover a plaintiff's loss in addition to his repairs. See *Howe v. Johnston,* 221 N.Y.Supp. 516 (1927).

Therefore, if the plaintiff can prove that after repairs

his vehicle has a diminished market value from being injured, then he can recover in addition to the cost of repairs the diminution in market value, provided the two together do not exceed the diminution in value prior to the repairs.

In addition to the cost of repairs, it is clear from *Taylor v. King, supra,* there may be recovery for loss of use. Recovery for loss of use may be made in appropriate cases even where there is also recovery for the full value of the vehicle. *Weishaar v. Canestrale, supra.* We see no reason why loss of use could not in a proper case also include loss of profits provided it was impossible to replace the vehicle. The cases indicating this is the general rule are collected in 18 A.L.R.3d 536. See also 79 A.L.R.2d 722. Of course, in addition to establishing that a substitute vehicle could not be obtained, it would be necessary to show by "reasonable certainty" that the profits were actually lost as a result of the accident. The loss cannot be speculative. Compare *Macke Co. v. Pizza of Gaithersburg, Inc.,* 259 Md. 479, 270 A. 2d 645 with *Reighard v. Downs,* Court of Appeals, 261 Md. 26, 273 A. 2d 109.

### The Instant Case

William E. Krause, t/a K & K Trucking Company, the appellee-defendant, while driving a tractor-trailer in Laurel, Maryland, on July 4, 1968, left the highway and drove into a parked vehicle causing it to smash into three other vehicles and an electrical installation on an automobile exhibition lot operated by Fred Frederick Motors, Inc., the plaintiff-appellant. The vehicles damaged were part of the dealer's stock and inventory; three of them were new vehicles held for sale and the fourth was a used vehicle which the plaintiff-appellant accepted as a trade-in.

It was stipulated that the repairs to the four vehicles totaled $2182.02. Appellee alleges that the parties stipulated that the cost of the repairs was less than the diminution in value due to the injury. A careful reading of the transcript indicates, however, that the stipulation

went only to the cost of the repairs. Plaintiff-appellant insisted that he was entitled to diminution of market value in the vehicles resulting from the fact of the accident after the repairs were made. The trial judge ruled that under *Taylor v. King, supra,* the limit of recovery was the cost of the repairs. The trial judge also ruled that any loss of profits could not be shown.[1] We remand the case for retrial as to the amount of damages to the vehicles under the principles set forth herein.

At the conclusion of the trial below, the trial judge directed a verdict for $2537.02 after the liability was admitted. The judgment included the amount of repairs to the vehicles of $2182.02 and damage to the electrical system of $355. There is no contention before us concerning the damage to the electrical system. Therefore, on remand, the sum of $355. should be added to the amount determined by the trier of facts as to the proper damages for the injury to the vehicles.

> *Case remanded without affirmance or reversal for the proper determination of damages. Costs to be paid by the appellee.*

---

1. Most of the rulings as well as the discussions of possible stipulations occurred at a recorded pretrial conference. Although the record is confused, our summary is a fair statement of what occurred. We can see what type of evidence was to be offered and, under these circumstances, formal proffers are not needed.