## DAVIS ET UX. *v.* JACKSON ET UX.

[No. 233, September Term, 1971.]

*Decided March 8, 1972.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*Jerome F. Connell, Sr.,* for appellants.

*W. Edward Plitt* for appellees.

SMITH, J., delivered the opinion of the Court.

This case involves a controversy as to whether certain fixtures were included in a sale by appellants, Eugene L. Davis and Jane A. Davis, his wife, (Davis), to appellees, Charles Jackson and Edith P. Jackson, his wife, (Jackson).

Davis owned land in Anne Arundel County purchased by Jackson. The contract by its terms included "all attached fixtures [then] part of said premises." After settlement Jackson found that 300 lineal feet of fence, a pool heater, and a water conditioning plant were missing. They sued and obtained judgment in the amount of $1,696.50.

Davis here complains (1) that the court erred in finding that the chattels were wrongfully removed from the premises by them, and (2) that the court erred in assessing damages, contending that the court awarded damages not based upon the fair market value of the property at the time of the conversion, but upon the cost of new chattels.

Under Maryland Rule 886 when a case has been tried by the lower court without a jury, as this case was, "the judgment of the lower court will not be set aside on the evidence unless clearly erroneous and due regard will be given to the opportunity of the lower court to judge the

credibility of the witnesses." In this case there was evidence from which the trial judge could conclude, as he did conclude, that the items in question were fixtures which were wrongfully removed by the sellers.

On the issue of damages, Davis complains because Mr. Jackson was permitted to testify as to the value of the removed water conditioner and because two other witnesses were permitted to testify as to the cost of new equipment. The trial judge in entering judgment said:

> "[W]e think there isn't any question but that these buyers are entitled to be compensated for this equipment which was improperly removed by the sellers. The question then occurs as to how much. According to the Court's figures the testimony shows the total replacement value of these items to be $1885.00. We think that a depreciation figure has to be allowed, and therefore, we do allow one. We do say, however, that one who sells something and then takes it away, does so at his peril. It must have had some value to him, or there must have been some life left in all of this, or he wouldn't have gone to the trouble of disconnecting it and taking it away. For that reason, gentlemen, we conclude that the depreciated value is $1696.50.".

The measure of damages for wrongful removal of fixtures "is the value of the articles when so severed." *Walker v. Schindel,* 58 Md. 360, 371 (1882). Evidence of the original cost of an automobile has been held admissible as "some evidence of its present value." *Myers v. State,* 137 Md. 491, 494, 113 A. 90 (1921), followed in *Bailey v. Ford,* 151 Md. 664, 667, 135 A. 835 (1927), and quoted in *Checkpoint v. Sweeney,* 250 Md. 251, 254, 242 A. 2d 148 (1968).

Mr. Davis said he paid "Seventy-five or eighty dollars, something like that" for the water conditioner. He could not estimate how old it was but knew it was not new. Mr. Jackson said its value was $695. Mr. Davis stated

the water heater cost "four hundred twenty-five or thirty dollars" in 1963 when he bought it new. The Jackson evidence was that a replacement would cost $940 and that it would cost $250 to replace the fence. Davis presented no evidence on the latter subject. Davis made no attempt to contradict the Jackson evidence as to replacement cost. They offered no evidence as to the condition of the fixtures at the time of removal, a matter peculiarly within their knowledge, nor did they offer ar v estimate of the remaining life of the removed objects or their value when removed.

The replacement cost, although not determinative of value, would have a bearing on value in precisely the same manner that the original cost of an automobile would be some evidence of its later value. In fact, 5 *Corbin on Contracts* § 1020 (1964) states:

> "If a specific subject-matter has no directly ascertainable market value, taken as a whole and in its present form, other methods that accord with the practices of men in business may be used and may be quite sufficient standing alone. Value may be determined * * * by proving reproduction costs with allowance for depreciation." *Id.* at 125.

Judge Bowen was the trier of fact. He was not obliged to believe Davis. There was evidence from which he could have reached his conclusions as to value. His judgment was not clearly erroneous.

*Judgment affirmed; appellants to pay the costs.*