MADS JOHNSON, RESPONDENT, *v.* RIO GRANDE WESTERN RAILWAY COMPANY, APPELLANT.

RAILROAD COMPANIES.—KILLING STOCK.—NEGLIGENCE.—In an action against a railroad company for killing a mare by a train of cars, where there was no fence between plaintiff's pasture and the track, but there was a fence on the other side of the track, and the mare killed with other horses appeared to have been feeding between the fence and the railroad track at a place where the track was straight for some distance and the horses could easily be seen, and it appeared that the horses hearing the train started across the track, and the engineer did not slacken speed or blow the whistle until within 250 feet of the horses; *held*, that the question of negligence was properly left to the jury.

EVIDENCE.—VALUE.—OPINION.—Where a witness testified that a horse was worth $150, and on cross-examination stated that he founded his opinion upon an offer made to him for the horse,

but testimony of value was not stricken out, and the evidence
as to value was corroborated by another witness and was
not contradicted; *held*, that the verdict for the value of the
horse as stated was justified by the evidence.

ID.—OPINION AS TO MATTER OF INFERENCE.—Where the court sus-
tained objection to questions put to two witnesses as to whether
the engineer could have done anything else to avoid the
accident, after they had stated what he did, there was no
error.

APPEAL from a judgment of the district court of the
first district, and from an order refusing a new trial.
The opinion states the facts except what are here given
more fully.

The charge of the court was as follows:

On uninclosed land, stock has a right to run across,
no odds to whom it belongs. It would have the same
right on the railroad right of way as on any other
person's land.

"But on enclosed land the law is different; the man
who owns land adjoining the railroad or the railroad
right of way, it is as much his duty to fence his land
off from the right of way, to make a partition fence, as
it is the railroad company; it is their joint duty, and I
suppose, under the fence law of this Territory, either
could force the other to do it.

"So that his stock going on the railroad track would
be technically a trespass; but that wouldn't excuse the
company from using ordinary diligence, not extra, but
ordinary diligence in preventing an accident to that
stock. For example, these horses were on this railroad
right of way; although not rightfully there, it was the
duty of the company to use ordinary care to prevent any
accident to the animals, and if the company didn't use
ordinary care, it would be liable for damages to the
owner.

"Therefore, if you believe from the evidence that the company's servants, in running that train, did not use ordinary care in the handling of the train, taking into account the straightness of the track, the distance the animals could be seen, the danger of accidents to the train and accidents to the passengers—the danger of running the train off the track coming in contact with these animals—taking all these things into consideration, if you think that the company used ordinary care and diligence in the running of that train, it is your duty to find for the defendant. If you think the company did not use ordinary care and that kind of diligence that prudence and good sense would require an ordinarily reasonable man to use, why then it will be your duty to find that the company was negligent, and if you further believe, from a preponderance of the evidence that the plaintiff did not by negligence on his part contribute to the accident in any way, it will be your duty to find for the plaintiff, and assess the damages at the value of the animal killed.

But a person don't recover where he is negligent himself, if his negligence contributed to the accident in any way; so, it is a question of fact for you to determine whether this plaintiff was negligent himself in the matter, and whether his negligence contributed to the accident; taking into account that this was a pasture he was entitled to use; taking into account the fact that when he saw the danger he was where he was; taking all the circumstances of the case into acccount, if you find that his negligence contributed to the accident, you will find for the defendant.

"Therefore, the sum of the whole matter, if you believe from a preponderance of the evidence that the company was negligent in its running of the train, and that the plaintiff did not contribute in any way to the

accident, you should find for the plaintiff, and assess his damages at the value of the mare; if, however, on the other hand, you find by a preponderance of the evidence that the company used ordinary diligence and care in the running of its train, or that the plaintiff by his negligence contributed to the accident, you should find for the defendant.

"To the giving of which instruction by the court as to the burden of proof in showing diligence, the defendant duly excepted.".

*Messrs. Bennett, Marshall and Bradley,* for the appellant.

*Messrs. Thurman and King,* for the respondent.

MINER, J.:

This action was brought to recover damages on account of the killing of a mare belonging to the plaintiff, July 6, 1889, by a train of cars on the railroad of the defendant, the mare being at the time on the railroad track of the defendant, which adjoined the pasture of the plaintiff, there being no fence between the pasture and the defendant's right of way. At the time of the killing of the mare, she, with other horses, had crossed from the pasture to the opposite side of the track, and was there feeding between the track and a wire fence, a little to the west, and a cattle-guard being a short distance to the south of them, when the south-bound train of defendant came along. The track was straight for a mile each way from the place, and the train, being late, was being run at from thirty to thirty-five miles an hour,—a higher rate of speed than usual. No attempt was made to stop the train or to slacken speed. As the train neared the place where the horses stood near the track, the horses

started across the track when the train was 100 yards away, and the mare in question, being the hindmost one, was caught by the train and killed; the case of the plaintiff being that she was killed by the negligence of the defendant's servants engaged in running the train. It is alleged as error that the evidence fails to show that the defendant was guilty of negligence. The evidence on this subject was conflicting. It was shown on the part of plaintiff that the mare was knocked thirty-two steps when hit by the cars, and that no whistle was blown, nor bell rung, and that the horses were close to the track, and that the engineer could have seen them for a mile or two miles before reaching them, and that the unusual speed of the train was not slackened until after the mare was struck, and that the horses were surrounded by a fence on the west, a cattle-guard on the south, and the track on the east. The engineer himself testified that he did not slacken speed nor blow his whistle until he got within 250 feet of them, although he saw them 1,500 or 2,000 feet,—something more than a quarter of a mile,—before reaching them. We think there was sufficient evidence to go to the jury on the question of defendant's negligence.

There was some proof in the case on both sides concerning the plaintiff's negligence, but the jury have by their verdict found this issue against the defendant, and we cannot say that their finding of facts in this respect was not sustained by the evidence, and the motion for a non-suit was properly denied.

We think the evidence of the plaintiff and of the witness Clinger that the mare was worth $150 sufficient to warrant the verdict of the jury in that respect. The value was not disputed, and Clinger was shown to be the owner of horses. Even if plaintiff's evidence on that subject was stricken out, there remained enough to

enable the jury to ascertain the value. That the plaintiff gave a fallacious reason for his opinion as to the value does not render his judgment as to value wholly worthless. It may still stand for what it is worth; and, no evidence of value being produced by the defendant, there was no injury done to defendant by allowing his answer that he got at the value because he had been offered that for the mare, and refused it, to stand. It is not necessary to be an expert horse dealer to have some judgment as to the value of a horse.

The questions put to the witnesses Ryan and Stapleton as to whether the engineer could have done anything else to avoid the disaster were correctly excluded. That question was for the jury to determine on consideration of all the facts. Besides, the record shows that the witness was allowed to state that he did all he could to slow the train after he saw the horses crossing the track. We think the case was fairly submitted to the jury on the questions of law involved. Some omissions from and expressions in the charge excepted to, if taken separately from the balance of the charge, might perhaps be open to some criticism, but we are satisfied that the entire charge, taken together, fairly submitted the case to the jury, and that such of the defendant's requests as it was entitled to were fairly covered by the instructions given. We find no error in the record sufficiently prejudicial to the defendant to justify the granting of a new trial, and the judgment is affirmed, with costs.

ZANE, C. J., concurred.