HARDY, Judge.
Plaintiff sued for the recovery of $1,841.-39, being the amount paid for the purchase of a Chevrolet automobile on or about January 26, 1952, which vehicle was damaged as the result of a mechanical failure, only three days after the purchase. After trial there was judgment in favor of plaintiff in the sum of $791.39, from which judgment defendant has appealed..
The facts involved are not in dispute. Admittedly defendant recognizes its liability for the mechanical failure of the new automobile and the only contention is' with respect to the amount of damages. As above noted plaintiff originally claimed the full purchase price of' the automobile, which claim, however, has been abandoned and is not urged before this Court. Defendant on the other hand claims that the measure of damages should be the amount of the estimate of 'repairs, namely the sum of $492.64. Alternatively, defendant contends that the plaintiff is limited to a iriaximum recovery of the difference between the pur *228 chase price and the salvage value. As a matter of -fact this latter amount is the one that was awarded, by the judgment,since it was established that the salvage value of the automobile after the accident was $1,050. It is therefore clear that the only point at issue before this court on appeal is the fixing of the amount of damage either in the sum necessary for repairs or, as allowed by the district court, in the difference between the purchase price and the salvage value.
-Defendant strenuously argues that the car could have been repaired and replaced in its original condition by the expenditure of the sum of $492.64, the estimate .of repairs. Both parties have cited a number of cases in support of their positions, but we think it unnecessary to discuss the jurisprudence in detail since we have encountered no difficulty in reaching the conclusion, under the facts of the case, that the judgment appealed from is correct.
The general rule is concisely stated in Blashfield’s Cyclopedia of Automobile Law and Practice, Volume 6, Section 3415, as follows:
“ * * * the measurement of damages to an automobile by an injury to it, where the machine is only partially destroyed, is the difference between the reasonable market value of the automobile immediately before the injury and its fair market value immediately after such injury.”
Under the facts of the instant case it would be unreasonable to conclude that an automobile within three days after its purchase, which had been driven less than 200 miles, was depreciated to any material extent. It. is a matter of common knowledge that a damaged automobile is not restored to its original value by a repair of the. damage. Accordingly, we .think . the finding of the district'court was eminently correct and should not be disturbed.
The judgment appealed from is affirmed at appellant’s cost. ....