0273

CITIBANK MASTER CHARGE, Respondent, v. Sandy J. McRAE, Appellant.

(320 S. E. (2d) 503)

Court of Appeals

*Arthur T. Cole, Jr.*, Columbia, *for appellant.*

*David W. Patterson* and *Samuel J. Abrams*, Sumter, *for respondent.*

Heard July 30, 1984.

Decided Sept. 14, 1984.

SANDERS, Chief Judge:

Respondent CitiBank Master Charge served a summons and complaint on appellant Sandra McRae alleging a debt arising out of the use of a charge card issued to her. The complaint of CitiBank named "Sandy McRae" as the defendant. Sandra McRae answered, admitting that she had a charge card with CitiBank, but denying she owed the debt alleged based on a lack of sufficient information. She alleged further as a separate defense "that she is not the same person as the one alleged in the complaint, her first name being 'Sandra,' not 'Sandy.'" The Circuit Court ordered summary judgment in favor of CitiBank based on a finding that Ms. McRae did not answer CitiBank's request for admissions as required by Circuit Court Rule 89. We affirm.

While it appears from the record that Ms. McRae did eventually answer CitiBank's request for admissions, it is equally apparent that her answer did not meet the requirements of Circuit Court Rule 89. The request for admissions required that Ms. McRae admit or deny she executed the charge card agreement alleged in the complaint and owed the amount alleged pursuant to this agreement. Her answer to this request simply repeated the allegations of her answer to the complaint, admitting she had a charge card with CitiBank, but saying she "does not possess knowledge or information suficient to form a belief" as to whether she owed the debt alleged. She made no reference to the matter of her name and gave no other basis for denying the request.

Circuit Court Rule 89 specifically provides:

> An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he had made a reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny.

The rule goes on to provide that if the court determines an answer does not comply with the requirements set forth, the court may order that the matter is admitted.

Ms. McRae's answer to CitiBank's request for admissions obviously does not comply with the requirements of Rule 89. Thus, the Circuit Court acted properly in ordering that the debt alleged to be owed by her to CitiBank is admitted and in granting summary judgment on this basis.[1]

---

[1] It appears Ms. McRae did not serve her answer until well after the time provided by Circuit Court Rule 89 had expired. She argues on appeal that her failure to do so is excusable because she was "lulled into believing" a settlement would be consummated. It is unnecessary that we address this argument since her answer when filed did not comply with the other requirement of the rule. However, we caution that the rule may not allow for parties or their attorneys to extend time for an answer to a request for admissions. The plain language of the rule appears to provide that time can be lengthened or shortened only by the court.

Ms. McRae also argues on appeal that she was not accorded certain constitutional rights pursuant to "the Fourteenth Amendment of the United States Constitution and Article I Sec. 3 of the South Carolina Constitution." It is likewise unnecessary that we address this argument because the record does not reflect it was made to the Circuit Court. *See Arnold v. Yarborough,* S. C., 316 S. E. (2d) 416 (S. C. App. 1984) (issue not raised before the trial judge ordinarily may not be raised for first time on appeal).

Accordingly, the order of the Circuit Court is Affirmed.

GARDNER and CURETON, JJ., concur.