382 S.E.2d 36

**CHECKER LEASING, INC.,**
**d/b/a Avis Rent–A–Car**

v.

**Charles J. SORBELLO.**

**No. 18236.**

Supreme Court of Appeals of West Virginia.

June 8, 1989.

W. Henry Lawrence IV, Steptoe & Johnson, Clarksburg, for Charles J. Sorbello.

Jerald E. Jones, Jones, Williams, West & Jones P.O.Box 2348 Clarksburg, for Checker Leasing., Inc., etc.

MILLER, Justice:

Charles J. Sorbello, the defendant below, appeals a final order of the Circuit Court of Harrison County denying the defendant's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial solely on the issue of damages. We find no reversible error and, therefore, the order of the trial court is affirmed.

The defendant assigns as error the trial court's denial of his motion notwithstanding the verdict on the question of the proper proof of damages. The defendant contends that the plaintiff was not only required to submit evidence to the jury regarding the cost of repairs, but was also obligated to offer evidence of the diminution of market value of the vehicle after the accident.

The plaintiff below, Checker Leasing, Inc., brought an action against the defendant to recover damages to an automobile leased to the defendant by the plaintiff. A jury trial was conducted on July 10, 1986, and the jury returned a verdict awarding the plaintiff $6,031.31, representing repairs in the amount of $5,872.31 and towing costs in the amount of $159.00.

There is no substantial disagreement as to the rule regarding the measure of damages to personal property. Both parties acknowledge that in *Jarrett v. E.L. Harper & Son, Inc.*, 160 W.Va. 399, 235 S.E.2d 362 (1977), we dealt with damage to real property and essentially adopted the

same rule that we had for damage to personal property. Syllabus Point 2 of *Jarrett* provides:

"When [personal property] is injured the owner may recover the cost of repairing it, plus his expenses stemming from the injury, including loss of use during the repair period. [1] If the injury cannot be repaired or the cost of repair would exceed the property's market value, then the owner may recover its lost value, plus his expenses stemming from the injury including loss of use during the time he has been deprived of his property." [1]

The real dispute in this case is that the trial court judge made a determination at the pretrial conference that the defendant had failed to respond to plaintiff's request for admissions under Rule 36 of the West Virginia Rules of Civil Procedure. This request involved the bill for the cost of repairs in the amount of $5,872.31 and two towing bills totaling $159.00. Copies of these bills were attached to the request for admissions.

The defendant's response was that contact had been made with the appraisal expert regarding the repair estimate. According to the defendant, the expert indicated that this "was merely an estimate as to the repair costs and not a firm quote which would be binding on a third person performing the repairs ... [and] that the actual repair costs might be greater or smaller." Consequently, the defendant stated that he could neither admit nor deny that "this appraisal constitutes the necessary and reasonable costs of repair."

With regard to the towing costs, the defendant admitted one bill in the amount of $58.00 and stated that he attempted to contact the person rendering the other bill, but that the phone was disconnected so he could not admit this amount.

■ We have held that a failure to respond to a Rule 36 request for admissions will be "deemed to be an admission of the matters set forth in the request." *Dingess-Rum Coal Co. v. Lewis*, 170 W. Va. 534, 536, 295 S.E.2d 25, 27 (1982). This comes about by virtue of the express language in Rule 36.[2] Where, as here, the defendant responds, Rule 36 provides that he cannot claim that he does not possess sufficient knowledge to admit or deny "unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny." [3]

There can be no question, as stated in *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir.1981), that "[t]he purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues at trial." (Citations omitted). Our rule is patterned after Rule 36 of the Federal Rules of Civil Procedure and, as *Asea* states: "[T]he Advisory Committee's Note

---

1. We have substituted the words "personal property" for "realty" in *Jarrett's* syllabus. The traditional rule regarding damages to personal property is contained in Syllabus Point 7 of *Cato v. Silling*, 137 W.Va. 694, 73 S.E.2d 731 (1952):

"As a general rule the proper measure of damages for injury to personal property is the difference between the fair market value of the property immediately before the injury and the fair market value immediately after the injury, plus necessary reasonable expenses incurred by the owner in connection with the injury. When, however, injured personal property can be restored by repairs to the condition which existed before the injury and the cost of such repairs is less than the diminution of the market value due to the injury, the measure of damages may be the amount required to restore such property to its previous condition."

2. The relevant language of Rule 36, W.Va.R.Civ. P., is:

"The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney...."

3. The pertinent language of Rule 36, W.Va. R.Civ.P., is:

"An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny."

explains, the Rule is 'in keeping with a basic principle of the discovery rules that a reasonable burden may be imposed on the parties when its discharge will facilitate preparation for trial and ease the trial process.' *Advisory Committee's Note to Rule 36(a),* 48 F.R.D. 531, 533 (1970)."[4] 669 F.2d at 1245.

■ It is also clear that under Rule 36(a) "[i]f the Court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served." The *Asea* case is somewhat analogous to the one at bar. In *Asea,* the defense attorney answered, stating that "party cannot admit or deny.... [P]arty has made reasonable inquiry. Information known or readily obtainable to this date is not complete. Investigation continues." 669 F.2d at 1244.

■ The court in *Asea* determined that answering only in the conclusionary language of the rule that a "reasonable inquiry" has been made and that "information known or readily obtainable by him is insufficient to admit or deny" is not a sufficient response. *See also Gariup Constr. Co., Inc. v. Foster,* 497 N.E.2d 924 (Ind. App.1986); *Equitable Life Assurance Soc'y of U.S. v. Kuss Corp.,* 17 Ohio App.3d 136, 477 N.E.2d 1193 (1984); *Citibank Master Charge v. McRae,* 283 S.C. 56, 320 S.E.2d 503 (1984); *see generally* 8 J. Moore, *Moore's Federal Practice* § 36.-04(5) (2d ed.1988); 8 C. Wright & A. Miller, *Federal Practice & Procedure* § 2261 (1970). Certainly, to determine the reasonableness of the inquiry and whether the information is readily obtainable, a court

must give consideration to the subject matter embodied in the request for admissions. Where the requested admission involves a fact that is relatively simple, such as invoices reflecting services rendered, i.e., hospital, medical, or other expenses, reasonableness of which is obviously readily obtainable, there can be little excuse for the failure to make such admission.

■ Even though the defendant's answer in this case was not conclusionary, it appears that denial was unreasonable. The expert appraiser's invoice attached to the request not only detailed the itemized repair costs, but also in a cover page gave the handbook values for the value of the car at wholesale and retail, as well as three salvage bids. That the car was severely damaged was not disputed. The defendant made no effort to have the car appraised by his own experts. Car repair values do not involve complex analytical problems.

The fact that the car expert in this case allegedly told the defense attorney that his estimate could not bind a third party or that the actual repair cost might be higher or lower is of little consequence. We have always held that damages need not be proved with precise exactitude. *Mollohan v. Black Rock Contracting, Inc.,* 160 W.Va. 446, 452, 235 S.E.2d 813, 816 (1977); *Belcher v. King,* 96 W.Va. 562, 572, 123 S.E. 398, 400 (1924); *Reiser v. Lawrence,* 96 W.Va. 82, 89, 123 S.E. 451, 454 (1924); *Hurxthal v. St. Lawrence Boom & Mfg. Co.,* 65 W.Va. 346, 352, 64 S.E. 355, 357 (1909).[5]

Clearly, under Rule 702 of the West Virginia Rules of Evidence, the expert could have testified to his repair estimate at trial,

---

4. This comment was a result of the July 1, 1970 amendment to Rule 36 which inserted the language that a party could not give lack of information as a reason not to admit or deny unless he has made a reasonable inquiry. Prior to this amendment, there was a conflict as to whether there was a duty to make a reasonable inquiry in order to obtain the knowledge to admit or deny a request for admissions. 8 J. Moore, *Moore's Federal Practice* § 36.04(5) (2d ed. 1988).

5. While these cases deal with damages stemming from a breach of contract, the same general rule applies to other types of damages. *See, e.g., White v. LeClerc,* 444 A.2d 847 (R.I.1982) (action to recover damages for replacement cost of trees removed from plaintiff's property); *Gasway v. Lalen,* 526 N.E.2d 1199 (Ind.App. 1988) (action to recover damages to real property caused by water); *Coleman v. Victor,* 326 So.2d 344 (La.1976) (action to recover damages to automobile); *Weaver v. Jock,* 717 S.W.2d 654 (Tex.Civ.App.1986) (action to recover damages for equipment, labor, and materials provided in construction project). *See generally* 22 Am. Jur.2d *Damages* §§ 486, 488 (2d ed. 1988).

and this was sufficient to vouch its authenticity as an admission. This is not to say that the defendant could not have controverted the figure set forth in the request by stating that his value expert had a different figure. However, this was not done.

 Finally, with knowledge that one of the towing bills was reasonable,[6] it would take no substantial effort to compare the second bill with the first and determine its reasonable value.

For the foregoing reasons, we find no error which would warrant reversal of the trial court's order denying the defendant's motions. The judgment of the Circuit Court of Harrison County is, therefore, affirmed.

Affirmed.

---

**6.** This was for $58.00 to tow the car from the point of the accident on Interstate 77 to the B & B Garage at Woodlawn, Virginia. The second bill was to remove it to Roanoke, Virginia, which was apparently the nearest Avis Rental Car office.