400 S.E.2d 235

**Tom ELLIS and Mara Ellis, His Wife,**

**v.**

**Honorable Charles E. KING, Judge of the Circuit Court of Kanawha County; JMI Transport, Inc., an Arkansas Corporation, and Hamilton M. Potter.**

**No. 19792.**

Supreme Court of Appeals of West Virginia.

Dec. 5, 1990.

Monty L. Preiser, Harry G. Deitzler, Preiser Law Offices, Charleston, for Tom Ellis and Mara Ellis.

John L. MacCorkle, Meyer, Darragh, Buckler, Bebenek, Eck & Hall, Charles E. King, Judge, Circuit Court, Charleston, for JMI Transport, Inc., Hamilton M. Potter.

BROTHERTON, Justice:

The petitioners, Tom and Mara Ellis, petition for a writ of prohibition preventing the judge from granting a partial summary judgment.

On December 23, 1987, Mara Ellis was driving the Ellis' new 1988 Volvo, when she was struck by a tractor trailer owned by JMI Transport, Inc., and driven by Hamilton M. Potter. The axle of the Ellis' car was broken during the accident. The car, which they had owned for three days, cost approximately $19,000 when purchased. It took approximately five months to repair the car, at a cost of $4,770. Since the repair, there have been no mechanical problems, nor has the car been out of service.

The petitioners filed suit on August 28, 1989, in the Circuit Court of Kanawha County, against JMI Transport, Inc., and Hamilton Potter, for injuries to their person and property caused by the accident. As part of that suit, the petitioners sought to recover the loss of value to their car caused by the accident. The Ellises contend that their car, although "repaired," was not worth the same as it was before the accident. They point out that an estimate of the value of the car after the accident showed the value to be diminished by $4,986. That estimate is the only esti-

mate made of any diminution of value in the record.

However, upon the defendant's motion, Judge King of the Kanawha County Circuit Court granted a partial summary judgment against the petitioners on the loss of value issue. This proceeding is the Ellises' petition for a writ of prohibition. The issue presented to this Court is whether the diminution in value to a damaged automobile can be recovered over and above the cost of repair. This issue is one of first impression in West Virginia.

The rule governing recovery for injury to real property is found in *Jarrett v. E.L. Harper & Son, Inc.*, 160 W.Va. 399, 235 S.E.2d 362 (1977). In *Jarrett*, this Court held that ordinarily loss of use is measured by either lost profits or the lost rental value of the injured property. Specifically, we found:

> When realty is injured the owner may recover the cost of repairing it, plus his expenses stemming from the injury, including loss of use during the repair period. If the injury cannot be repaired or the cost of repair would exceed the property's market value, then the owner may recover its lost value, plus his expenses stemming from the injury including loss of use during the time he has been deprived of his property.

*Id.* at syl. pt. 2. Damages for annoyance and inconvenience may also be recovered when measuring damages for loss of use to the property.[1]

■ More recently, this Court discussed loss of value of personal property in *Checker Leasing, Inc. v. Sorbello*, 181 W.Va. 199, 382 S.E.2d 36 (1989).[2] *Sorbello* involved damages to an automobile leased by the plaintiff to the defendant, Sorbello.

Sorbello appealed following a verdict for the plaintiff, contending, in part, that the plaintiff was obligated to present evidence of the diminution of market value following repairs. *Id.*, 181 W.Va. at 200, 382 S.E.2d at 37. Citing *Jarrett*, the *Sorbello* Court acknowledged that there was no substantial disagreement regarding the general rule involving the measure of damages to personal property. *Id.*, 181 W.Va. at 200, 382 S.E.2d at 37. At syllabus point 1, the Court held that:

> When personal property is injured the owner may recover the cost of repairing it, plus his expenses stemming from the injury, including loss of use during the repair period. If the injury cannot be repaired or the cost of repair would exceed the property's market value, then the owner may recover its lost value, plus his expenses stemming from the injury, including loss of use during the time he has been deprived of his property.

The Court failed to discuss the issue of permitting damages for loss of value.

■ *Jarrett*, however, is not completely inapplicable to this situation. In stating that the rule was the cost of repair plus expenses unless the injury was irreparable or would exceed the property's market value, the *Jarrett* Court found that the property "appears now to be in as good condition as it was before the injury." *Id.*, 160 W.Va. at 404, 235 S.E.2d at 365. Such is not the case in situations involving structural damage to vehicles. Once structural damage occurs, often no amount of repair can return the vehicle to its condition prior to the accident and consequently, to the value it had prior to the injury. We do not believe that the general rule which equates recovery with cost of repair is applicable where the vehicle cannot be repaired to its

---

1. In *O'Dell v. McKenzie*, 150 W.Va. 346, 145 S.E.2d 388, 391 (1965), this Court held that "[t]he measure of damages where the injury is temporary, as enunciated in the Jones case and approved in many other cases, is the cost of repair, reimbursement of expenses directly occasioned by the injury, and compensation for loss of use or rent." The distinction between temporary and permanent damages was abolished in *Jarrett*. 160 W.Va. at 403, 235 S.E.2d at 365.

2. In *Cato v. Silling*, 137 W.Va. 694, 73 S.E.2d 731 (1952), *cert. denied* 348 U.S. 981, 75 S.Ct. 572, 99 L.Ed. 764, *rehearing denied* 349 U.S. 924, 75 S.Ct. 659, 99 L.Ed. 1256 (1955), this Court held that if the injured property can be repaired "to the condition which existed before the injury, and the cost of such repairs is less than the diminution of the market value due to the injury, the measure of damages may be the amount required to restore the property to its previous

condition prior to the injury. 22 Am.Jur.2d *Damages* § 433 (2nd Ed.1988).[3] "[D]amages are not limited to the cost of repairs actually made where it is shown that they did not put the property in as good condition as it was before the injury, and it would have cost a larger sum to do so. In such cases, the cost of the repairs made plus diminution in value of the property will ordinarily be the proper measure of damages." *Id.* at § 436. If, after repair, the damaged vehicle cannot be returned to its condition prior to the accident, we believe that damages for diminution in value are recoverable.[4]

While not a majority view, other jurisdictions permit recovery for loss of value after repair. In *Fred Frederick Motors, Inc. v. Krause*, 12 Md.App. 62, 277 A.2d 464 (1971), the Maryland court held that an automobile dealer whose vehicles were damaged by the defendant was entitled to recover, in addition to the cost of repair, any provable diminution in market value of his vehicles after repair, so long as the cost of the repairs and such diminution in market value did not exceed the market value prior to the accident. Specifically, the court held:

> [I]f the vehicle looked and operated substantially the same after the accident but its market value had been diminished by the fact of being in an accident, then to be adequately compensated, the injured party must receive, in addition to the cost

of repairs, the diminution in market value stemming from the injury.

*Id.* 277 A.2d at 465.

Similarly, the Connecticut Supreme Court has held that "a new car may be badly damaged and be repaired so as to put it in a sound or good state, and yet be worth much less than before the collision." *Littlejohn v. Elionsky*, 130 Conn. 541, 36 A.2d 52, 53 (1944). In *Halferty v. Hawkeye Dodge, Inc.*, 158 N.W.2d 750 (Iowa 1968), the court stated that if the repaired property is valued at "less than the value of the property before the injury, such difference in value is also allowed in addition to the reasonable cost of repair or restoration." *Id.* at 754. *See also Newman v. Brown*, 228 S.C. 472, 90 S.E.2d 649 (1955); *Sullivan v. City of Anderson*, 81 S.C. 478, 62 S.E. 862 (1908); *T.J. Moss Tie Co. v. General Motors Corp.*, 68 So.2d 227 (La.App.1953).[5]

We caution that trial courts should narrowly construe our holding today. Not all damage to a vehicle would allow the plaintiffs to recover for diminution in value. First of all, there must be actual proof that the value was diminished following repair.[6] Secondly, we require that the damage be structural, something that is integral to the structure of the vehicle. For example, if an automobile is sideswiped and, as a result, the right front panel of the car must be replaced, diminution in value

---

condition." *Id.*, 137 W.Va. at 720, 73 S.E.2d at 746.

**3.** One theory of recovery stated that "if the article has actually been repaired before the trial, the plaintiff may recover the cost of repair, upon proving that this was reasonable, plus any depreciation upon comparing the value before the injury and after the completion of repairs, or less any enhancement, if the repaired article is more valuable than before the accident." *McCormick on Damages* § 124 (West 1935).

**4.** "If repairs will substantially restore damaged property to its condition before injury, in most states plaintiff may elect to prove his damages by showing the reasonable cost of repairs, but damages are not necessarily limited to the cost of repairs since the measure of damages is the total diminution in value. A damaged new car, for example, may be restored to good condition by repairs, and yet be worth much less than before the collision. Thus, if repaired property

is not substantially restored to its condition prior to injury, the measure of damages is the cost of repairs, plus the difference between the reasonable market value after repairs and its reasonable market value immediately before injury. Recovery of the cost of repairs, however, cannot exceed the total diminution in value of the property." 3 *Personal Injury* § 3.05(1) (Bender 1984).

**5.** *See also Safer v. Perper*, 569 F.2d 87, 186 U.S.App.D.C. 256 (1977), where the Court stated that diminution in value is the proper measure of damages for injuries to property where it is unreasonable or impracticable to replace the damaged property; *Robbins v. Voigt*, 280 Ala. 207, 191 So.2d 212 (1966), where the Alabama Court ruled the jury properly awarded $1,000 for diminution in value despite the fact the repair bill was only $556.34.

**6.** *See Ripley v. C.I. Whitten Transfer Co.*, 135 W.Va. 419, 63 S.E.2d 626, 628 (1951).

would not be permitted. However, if the frame of a car is damaged and would affect the future use of the vehicle even after repair, then diminution in value is recoverable. Finally, we note that only a vehicle with significant value prior to the accident is subject to recovery. Frankly, a vehicle that is so old or in such poor condition as to have minimal value will not be subject to recovery for loss or diminution in value.[7]

 In order for a party to be entitled to a writ of prohibition, two elements must co-exist: (1) other remedies must be inadequate, and (2) the use of the writ of prohibition must promote economy of effort among the litigants, lawyers and court. Syl. pt. 1, *Hinkle v. Black,* 164 W.Va. 112, 262 S.E.2d 744 (1979).[8] However, the court also stated that:

> [T]his Court will use prohibition in this discretionary way to correct only *substantial, clear-cut, legal errors* plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance.

*Id.*

In the case now before us, the error on the part of the circuit court is clear-cut and substantial. Moreover, alternate remedies to this action for prohibition, particularly an appeal from a partial summary judgment order, are inadequate. Finally, the writ promotes economy of the lawyers' time, the litigants' efforts, and judicial resources. Thus, the writ of prohibition is granted.

Accordingly, we conclude that if the owner of a vehicle which is damaged and subsequently repaired can show a diminution in value based upon structural damage after repair, then recovery is permitted for that diminution in addition to the cost of repair, but the total shall not exceed the market

value of the vehicle before it was damaged. Thus, the writ of prohibition is granted, and this case is remanded for proceedings consistent with this opinion.

Writ granted and remanded.

---

[7]. We emphasize that our holding today does not include the diminution in value which occurs when a new car is driven off the dealer's lot. Thus, any estimate made after repairs showing any diminution in value must specifically ex-

clude any amounts due to the fact the vehicle is no longer in mint condition.

[8]. *See also Cardot v. Luff,* 164 W.Va. 307, 262 S.E.2d 889 (1980).