PER CURIAM:
Claimant Hillard W. Hicks, seeks an award of $1,191.66 from respondent, Division of Highways, for damage to his 1987 Chevrolet Chevette.
According to Mr. Hicks, the damage occurred to his vehicle on March 10, 1995, at approximately 8:00 p.m., when he was driving on Route 73 near Campbells Creek. Mr. Hicks was traveling 40 miles per hour under clear conditions when he observed a tree protruding three and a half feet into his lane. Due to oncoming traffic, Mr. Hicks was unable to maneuver around the tree, and it scraped the side of his vehicle. The tree was approximately three inches in diameter and appeared to be sawed off at the estimate totaled $1,191.66, and the second totaled $1,178.42. Although Mr. Hicks has not had the vehicle repaired, he has continued to drive it since the accident. Mr. Hicks testified that he purchased the vehicle approximately one year before the accident for $500.00, and the vehicle was covered by liability insurance. The record indicates that the odometer reading on the vehicle was 113,733 miles at the time of the accident.
James Dingess, a supervisor for the respondent, testified he is responsible for general road maintenance in the vicinity of Route 73. Mr. Dingess described Route 73 as a two-lane second priority road. He estimated the pavement surface is twenty-four feet wide with shoulders that are two feet wide. According to Mr. Dingess, the Campbells Creek area received high winds and a heavy snowfall on March 8, 1995. These conditions created slippery roads and resulted in numerous fallen trees throughout the area. In response, road crews were engaged in snow and tree removal operations on March 8, 1995. Although Mr. Dingess was unaware of the particular tree involved in this accident, he testified that tree removal work should include moving the cut trees off of the road and berm.
It is well established law that respondent has a duty to exercise reasonable care and diligence in maintaining roads under all circumstances. Hobbs v. Dept. of Highways, 13 Ct. Cl. 27 (1979). For respondent to be held liable for damage caused by a defective road condition, it must have had either actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986).
*45 In the instant case, the record indicates that weather conditions caused trees to fall onto roads in several areas, and respondent dispatched road crews to remove the trees two days before Mr. Hicks' accident. This is corroborated by evidence that the tree which damaged the vehicle had been cut prior to the accident. Based on the foregoing, it is the opinion of the Court that respondent had notice of the tree, and was negligent in removing the tree from the traveled portion of the roadway.
The evidence relating to the damage to Mr. Hicks' vehicle indicates that the cost to repair his vehicle greatly exceeds its market value. Mr. Hicks testified that he purchased the vehicle for $500.00, and the cost to repair the vehicle ranges from $1,178.42 to $1,191.66.
In West Virginia, when the personal property is damaged and the cost to repair is in excess of the market value of the personal property, the owner may recover the lost value of the personal property, plus his expenses stemming from the injury including loss of use during the time he has been deprived of his property. Checker Leasing, Inc. v. Sorbello, 181 W.Va. 199 (1989). Based on the foregoing, the Court makes an award to claimant of $500.00.
Award of $500.00.