# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 23, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**STEVEN A. HAMNER and
CHRISTINE ARNOLD HAMNER,**
**Plaintiffs Below, Petitioners**

**v.) No. 23-ICA-565**       (Cir. Ct. Upshur Cnty. Case No. CC-49-2018-P-49)

**ROBERT BRENT HULL,
BRENDA HULL,
and BLUE RIDGE CONSTRUCTION GROUP, INC.,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioners Steven A. Hamner and Christine Arnold Hamner (the "Hamners") appeal the October 30, 2023, and November 17, 2023, orders from the Circuit Court of Upshur County. Respondents Robert Brent Hull, Brenda Hull (the "Hulls"), and Blue Ridge Construction Group filed a response with cross assignments of error challenging the November 17, 2023, order.[1]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The underlying case arose from a dispute between adjoining landowners. On August 14, 2018 ("Original Litigation"), the Hamners filed a petition in circuit court to quiet title and for declaratory judgment regarding a road on their property. The road serves as the designated right of way the Hulls use to access their 105-acre and 15-acre tracts of land adjoining the Hamners' property. However, of the two tracts, the issues on appeal only concern the 15-acre tract that was purchased by the Hulls in 2017.

The Original Litigation was decided by an amended order dated September 27, 2019 ("September 2019 Order"). In that order, the circuit court found that the record established:

---

[1] The Hamners are represented by Anthony M. Salvatore, Esq. The Hulls and Blue Ridge Construction Group, Inc. are represented by Bridgette R. Wilson, Esq., and Robert C. Chenoweth, Esq.

1

a. The parcels all have access by the way of "Grub Hollow" road which is partially maintained by the WV Department of Highways and designated as County Route 43/20.

b. From the end of the WVDOH maintenance, the "private" road is for access by the individual landowners in the deeds referenced in [the Landman's] report.

c. The "use" of this lane is described throughout the various chains of title and eventually included in the sale of the Snyder Property as part of the residue.

d. The right to use the road was granted in the chains of title in the chains of title and the actual ownership was not granted until the "residue property" was sold and it was part of the residue tract.

Thereafter, the circuit court concluded:

1. The Court FINDS that the [Hulls] have a right to access and use the road between the end of "Grub Hollow" Road and their properties free of interference by the [Hamners] or any other persons.

2. The Court FINDS that any altering, placing of impediments, or interference with the [Hulls'] use of this road is contrary to the provisions set forth in the deeds of the various parcels relevant to this action.

This order also directed that the Hamners "shall not interfere, with the [Hulls'] use of the road," and ordered the Hamners "to not block, alter, or perform construction on the road, except for routine maintenance and restoration of the road[.]" The Hamners were also directed to return the road to its pre-suit condition within thirty days. The September 2019 Order was not appealed.

Significant here, is that at some time prior to the Original Litigation, the Hulls installed a culvert pipe across the road to prevent water from impeding their ingress and egress across the right of way to their 15-acre tract. However, in July 2023, the Hamners removed the culvert pipe, took it to another location, and blocked the right of way, which prevented the Hulls' access to the 15-acre tract. Thereafter, the Hulls removed the blockade and installed a temporary culvert at their own expense of $2,600.00. However, this did not return the property to its original condition prior to the Hamners removing the culvert pipe and blocking the road. The cost to return the road its original condition was estimated to cost $6,150.89, which included $2,958.00 to purchase replacement culvert pipe.

On August 24, 2023, the Hulls filed a "Motion to Reopen Matter and Hold Petitioners in Contempt of this Court's Order." The Motion gave a brief recitation of the Original Litigation, quoted language from the governing September 2019 Order, and alleged that the Hamners' removal of the culvert in July 2023 violated the same. The Motion requested the Hamners be held in contempt and sanctioned. The Hulls also made

separate requests for an award of attorney's fees and court costs; damages for emotional distress, inconvenience, and anguish; costs and fees associated with the remediation of the damages caused by the Hamners; as well as any other damages the circuit court deemed appropriate.

The circuit court heard the motion on October 19, 2023, and issued an order on October 30, 2023, memorializing its findings of fact and conclusions of law. The order referenced its findings in the September 2019 Order, as well as made additional findings with respect to subsequent actions taken by the parties regarding the 15-acre tract since July 2023. Based upon those findings, the circuit court made the following conclusions of law:

17. This Court took testimony and litigated the issues regarding Grub Hollow Road and the right of way over it before it entered its Orders in September 2019. This Court will not relitigate that action.

18. The Court finds and so ORDERS that Grub Hollow Road as it exists from Route 20 in Upshur County, WV to the 105-acre parcel currently owned by the Hulls is the right-of-way granted through the chain of title to the 105-acre parcel. The 105-acre parcel was granted a right of way through its chain of title over the property currently owned by the Hamners.

19. The Court finds and so ORDERS that Grub Hollow Road as it exists from Route 20 in Upshur County, WV to the 15-acre parcel owned by the Hulls is the right-of-way granted through the chain of title to the 15-acre parcel of property. This includes a small section that cuts off of the right of way to the 105-acre parcel as it now exists, and where the culvert was removed by the Petitioners. The 15-acre parcel was granted a right of way through its chain of title over the property currently owned by the Hamners.

20. Stephen [sic] Hamner is ORDERED to return the culvert which he took from the Hulls to the place where it was located originally within 72 hours of this hearing.

21. Brent Hamner [sic] is ORDERED to look at the culvert to confirm that it is usable and that it has not been damaged in any way. He is further directed to obtain photos of the culvert to submit to the Court should the culvert be unusable. In such a case, the Court will review how to proceed.

22. Brent Hull is ORDERED to use the old culvert if possible when reinstalling it and returning the property to its original condition.

3

23. The Respondents are ORDERED to present to the Court an invoice for the work to return the property to its original condition.

24. It is ORDERED that the Petitioners are to pay the Hulls for the reinstallation of the culvert and returning the property to its original condition. Those amounts will be presented by separate order.

25. The Court directs the attorney for the Respondents to submit an invoice to the Court for time spent and costs incurred in bringing this action to reopen the matter and hold the Petitioners in contempt of Court. The Court will determine by separate order the amount Petitioners will be required to pay.

After considering the submitted documentation, the circuit court entered the second order on appeal on November 17, 2023. In its order, the circuit court declined to hold the Hamners in contempt of the September 2019 Order. This was because it was unclear from the record whether the Hamners had received notice of the September 2019 Order because it was sent to their former counsel with whom contact ended approximately ten days prior to its entry by the court.

Next, the circuit court addressed the Hulls' itemized request for damages. This request provided an itemized list of the remediation costs and the Hulls estimated that it would cost $8,750.89 for their company, Blue Ridge Construction Group, to complete the remediation work. The Hulls also sought an additional $2,500.00 for mental anguish and distress.

On this issue, the circuit court's order also referenced an "Attachment to Order," wherein the circuit court made several modifications and adjustments to the itemized statement provided by the Hulls. To begin, the circuit court declined to award any monetary damages to the Hulls for the installation of the temporary culverts, finding there was "no indication that they were necessary or urgently needed to access any part of the Hulls' property at this time." Next, the circuit court determined that the Hulls had overestimated the number of hours it would take for their company to remove and replace the culverts. As a result, it reduced the estimated hours of labor for the dozer, crew labor, and transportation of new culverts from four hours to two hours each.[2] The court further struck the estimated $2,958.00 required to purchase new culverts and fully eliminated the $250.00 listed for the transportation of straw to be used during seeding, mulching, and bale dike construction. Instead, on the accompanying Attachment, the circuit court made a handwritten notation that this cost should be included as part of the cost designated for

---

[2] The labor rates for each of these tasks were as follows: (1) Dozer: $80.00 per hour; (2) Crew Labor: $75.00 per hour; and (3) Transportation: $125.00 per hour.

4

transportation of the replacement culvert pipe. The circuit court also declined to award damages for court costs, mental anguish, and distress. On the Attachment, the court provided a handwritten calculation setting forth that the new total amount of damages to be awarded was $2,332.64.[3] The Hamners were ordered to pay this full amount within ninety days. This appeal followed.

On appeal, both parties raise various challenges to rulings of the circuit court. Based upon the nature of those alleged errors, our review of the matter is subject to two similar standards of review:

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 2, *Walker v. W. Va. Ethic Comm'n*, 201 W. Va. 108, 492 S.E.2d 167 (1997).

Furthermore, as it relates to civil contempt matters, we apply the same standard of review as the Supreme Court of Appeals of West Virginia, which has held:

> In reviewing the findings of fact and conclusions of law of a circuit court supporting a civil contempt order, we apply a three-pronged standard of review. We review the contempt order under an abuse of discretion standard; the underlying factual findings are reviewed under a clearly erroneous standard; and questions of law and statutory interpretations are subject to a *de novo* review.

Syl. Pt. 1, *Carter v. Carter*, 196 W. Va. 239, 470 S.E.2d 193 (1996). Applying these principles, we find no error in the circuit court's October 30, 2023, or November 17, 2023, orders.

We first address the Hamners' two assignments of error. The Hamners' first argument relates to the November 17, 2023, order, and argues that the circuit court erred by finding them in contempt of the September 2019 Order. This argument is based solely on the contention that the September 2019 Order contains ambiguous and insufficiently drafted findings of facts and conclusions of law regarding the location of the subject right

---

[3] Based upon our review of the November 17, 2023, order, it appears that the circuit court's adjusted damages calculation of $2,332.64 is inconsistent with the modifications it made within the Attachment. Instead, based upon the figures provided by the circuit court, damages in this case equal $2,382.89. However, this issue was not raised on appeal and as such, we decline to disturb the circuit court's award of $2,332.64 in damages.

5

of way. This argument is without merit. The September 2019 Order was not timely appealed, which deprives this Court of jurisdiction to consider any argument related to the merits of the same. Also, the circuit court's November 17, 2023, order contains the express finding that it was not holding the Hamners in contempt of its earlier order and imposed no sanctions in that regard. Rather, the $2,332.64 judgment was awarded pursuant to the separate request for repair costs that was included in their Motion. Moreover, the Hamners offer no authority to support their contention on this issue. As such, the Hamners are not entitled to relief on this issue.

Lastly, the Hamners challenge the October 30, 2023, order. Here, they allege that the circuit court violated their due process rights because the Hulls' Motion reopened litigation of the underlying issues, and while the Hulls were permitted to present evidence regarding the right of way at the October 19, 2023, hearing, the circuit court did not afford them an opportunity to present their own evidence before issuing a new ruling regarding a description and location of the right of way. This argument is not persuasive.

The plain language of the circuit court's order expressly states its refusal to relitigate the Original Litigation. The September 2019 Order found that chains of title in the record granted the Hulls the right to use the subject road as a right of way for ingress and egress to their adjoining tracts of land. Notably, many of these documents were attached to the Hamners' original petition. Here, the October 30, 2023, order simply expounded upon what those documents showed in more specific terms. This language does nothing to alter or change the location or description of the right of way as it was granted by the September 2019 order.

Nothing within the body of the Hulls' Motion makes a request to clarify or relitigate the court's prior rulings regarding the right of way, nor does it contain any request for relief from the September 2019 Order pursuant to the relevant provisions of Rules 59 or 60 of the West Virginia Rules of Civil Procedure. Instead, the Motion only addresses the Hamners' conduct in July 2023 and sets forth various requests for relief in addition to a request for the imposition of civil contempt. The evidence adduced at the October 19, 2023, hearing related to the Hamners' violation of the September 2019 Order and the resulting damages incurred by the Hulls. Moreover, the Hamners do not cite to any portion of the record supporting their contention that the Hulls offered new evidence regarding the existence, description, or location of the subject right of way. Therefore, we cannot conclude that the circuit court's ultimate disposition is an abuse of discretion or that its factual findings are clearly erroneous.

We now turn to the Hulls' two cross-assignments of error regarding the order entered on November 17, 2023. The Hulls begin by asserting that the circuit court erred when it failed to find the Hamners in contempt of the September 2019 Order. In support, they maintain that based upon the procedural history of this case, the Hamners inescapably knew the contents of that order and blatantly disregarded the same in July 2023.

Alternatively, it is argued that even if the Hamners did not receive a copy of the order, they had a duty to monitor the case and make inquiry of its status.

The circuit court made the discretionary ruling not to hold the Hamners in contempt based upon its determination that the record did not establish that the Hamners had notice of the September 2019 Order. At the heart of the Hulls' argument is a steadfast disagreement with the circuit court's interpretation of the record. This is not sufficient to establish an abuse of discretion. Furthermore, to the extent the Hulls invite this Court to look at the record and reach a more favorable conclusion, we decline to do so. It is well established that on appeal, "[a]n appellate court does not reweigh the evidence[.]" *State v. Thompson*, 220 W. Va. 246, 254, 647 S.E.2d 526, 534 (2007) (per curiam); *Coles v. Century Aluminum of W. Va.*, No. 23-ICA-81, 2023 WL 7202966, at *2 (W. Va. Ct. App. Nov. 1, 2023) (memorandum decision) (noting that an appellate court will not reweigh the evidence presented below on appeal). Thus, the Hulls have failed to establish an abuse of discretion.

The Hulls also argue that the circuit court arbitrarily reduced their requested damages despite providing the court with all of the documentation it previously requested. The Hulls contend that because the Hamners did not produce any evidence to dispute the amounts they provided, they are entitled to the uncontroverted amounts. We disagree. Aside from the general contention that their evidence was uncontroverted, the Hulls do not cite to the record or to controlling authority to establish error by the circuit court on this issue below. Instead, the Hulls rely upon Syllabus Point 1 of *Checker Leasing, Inc. v. Sorbello*, 181 W. Va. 199, 382 S.E.2d 36 (1989) which held that "[w]hen personal property is injured the owner may recover the cost of repairing it, plus his expenses stemming from the injury, including loss of use during the repair period." *Id.* However, that proposition does not address a circuit court's reduction of requested damages, nor does it support the proposition that a party is entitled to the full amount of uncontested damages. Moreover, the Hulls do not cite to any authority in which this Court or our Supreme Court of Appeals has previously found a circuit court's reduction of requested damages was clearly erroneous or an abuse of discretion. As such, we cannot conclude that error was committed below and affirm the circuit court on this issue.

Accordingly, we affirm the circuit court's October 30, 2023, and November 17, 2023, orders.

Affirmed.

**ISSUED:** December 23, 2024

**CONCURRED IN BY:**

7

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear